# Louis Lepman, Defendant in Error, v. Employers Liability Assurance Corporation, Ltd., of London, Plaintiff in Error.

## Gen. No. 16,899.

1. INSURANCE—*"collision"* construed. *Held,* that the word "collision" as used in a policy covering an automobile was not to be confined to a case where both of the colliding objects were in motion.

2. MEASURE OF DAMAGES—*in action upon insurance policy. Held,* that under the terms of the policy in question in this case, which covered an automobile, that the measure of damages was the actual cost of repairing the automobile which had been injured by the collision.

3. INSTRUCTIONS—*predicated upon evidence.* An instruction is properly refused which would suggest to the jury that they might indulge in conjecture in order to determine a question material to the issue.

4. MUNICIPAL COURT—*when written instructions properly refused.*

In the Municipal Court written instructions offered need not be given where the judge decides to charge the jury orally.

Error to the Municipal Court of Chicago; the Hon. John H. Hume, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 21, 1912.

John Clark Baker, for plaintiff in error.

Frank Schoenfeld, for defendant in error.

Mr. Justice Clark delivered the opinion of the court.

Recovery was had in this case upon a policy of insurance upon an automobile, issued by the plaintiff in error to the defendant in error. The policy contained the following clause:

"B. 'Against loss from damage to any of the automobiles enumerated and described herein, resulting from the collisions of said automobiles with any other automobile, vehicle or object, excluding (1) damage or loss to tires (unless the total damage caused by the collision exceeds the sum of $200), (2) consequential damages, (3) loss or damage by fire, (4) damage resulting from collisions due wholly or in part to up-sets, (5) loss or damage unless the total damage caused by the collision exceeds $15.' "

The claim of the defendant in error, hereinafter called the owner, is that the automobile was injured by a collision with a "brick, stone or other solid substance." A large part of the argument submitted by the plaintiff in error is with reference to the meaning to be given to the word "collision." Its contention is that in order to constitute a collision, both objects must be in motion. Several marine insurance cases are cited, which apparently hold such to be the meaning of the word as used in the policies then respectively before the court for consideration.

As policies of insurance are known to be prepared by the insurer, the universal rule is to interpret them,

where there is doubt, in a way most favorable to the insured. Forest City Ins. Co. v. Hardesty, 182 Ill. 39; Terwilliger v. Masonic Assn., 197 Ill. 9. The language of the policy, it will be noticed, is "with any other automobile, vehicle or object." If it had been the understanding of the insurer that its liability would be limited to those cases where there was a striking of the automobile and a moving object, the word "moving" would doubtless have been placed before the word "object."

In marine insurance cases it has many times been held that when one vessel is struck by another there is a "collision," in the sense in which that term is used in policies, although the vessel which is struck is anchored or tied to a dock. London Assurance v. Companhia De Moagens Do Barreiro, 167 U. S. 149; Burnham v. China M. Ins. Co., 189 Mass. 100.

In our opinion the words "collision with" as used in the policy should be construed as meaning "striking against." South Chicago City Railway Company v. Kinnare, 216 Ill. 451.

The owner, in the case before us, showed the amount of damages by proving the cost of the repairs to the machine, and that the repairs were reasonably worth the amount of the charge. The assurance corporation, plaintiff in error, insists that this was not the proper method of proving the damages under the policy. The policy provides: "The Corporation shall not in any event be liable under this provision for more than * * * the actual cost of the suitable repair of the property injured." In our opinion this language indicates that the contemplation of the parties was that the measure of damages should be the actual cost of repair, and we think the trial court properly permitted damages to be shown as they were. At the suggestion of counsel for plaintiff in error, a long account of labor and material furnished in the repairs was submitted without any testimony being taken in

regard to the same. This was done while a witness for the owner was on the stand, apparently ready to testify as to the different items. He was not cross-examined, but reliance was placed upon the objection heretofore referred to.

The plaintiff in error insists that two new tires were supplied, although only one was shown to have been damaged. We do not find that this point was specifically raised in the court below, and it is apparent that the injuries to the automobile were so great that in all probability two tires were required.

The court charged the jury orally. Prior thereto plaintiff in error tendered the following instruction, which was refused.

"The plaintiff's case is that the automobile struck a brick and that that caused the automobile to upset. If there is no evidence from which you can say that the automobile actually struck the brick, you must find the issues for the defendant; or if you are in doubt and unable to say whether the upset was due to the car striking a brick or to a sudden turn given the steering gear by the chauffeur or to some unknown cause, you must find the issues for the defendant."

We think that the court was justified in not including this instruction in its charge, for the reason that the latter part of it would suggest to the jury that they might indulge in conjecture as to whether or not the accident was caused by a sudden turn given the steering gear by the chauffeur, or was due to some unknown cause. There was no proof that the chauffeur gave a sudden turn to the steering gear, and as the instruction sought to direct a verdict it was improper. Pardridge v. Cutler, 168 Ill. 504. The first part of the instruction we think was fully covered by the oral charge of the court. It has been held that when, in the Municipal Court, the court decides to charge the jury

orally, written instructions offered need not be given. Morton v. Pusey, 237 Ill. 26.

Complaint is made that the verdict is against the preponderance of the evidence. We have carefully read the testimony and proofs as shown in the abstract of record, and are unable to say that such is the case.

As we find no error in the record, the judgment will be affirmed.

*Affirmed.*