1. INSURANCE (§ 424*)—ACCIDENT TO AUTOMOBILE—"COLLISION."

Where plaintiff's automobile, on meeting a team, was compelled to steer into the grass at a point on a level with the roadbed, and while endeavoring to return to the roadbed it was overturned, there was a sufficient "collision" with the shoulder of the roadbed, within the meaning of a policy insuring against collision, to justify a verdict for plaintiff, if the automobile did not strike the roadbed.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 424.*

For other definitions, see Words and Phrases, vol. 2, pp. 1258, 1259.]

2. INSURANCE (§ 424*)—INJURY TO AUTOMOBILES—"ROADBED."

Where an owner of an automobile, on meeting a team, was compelled to steer into the grass below the level of the roadbed, and while endeavoring to return the machine was overturned, the accident was not suffered in the "roadbed," within a policy excluding insurer from liability for damages caused by striking any portion of the roadbed; the word "roadbed," in common roads, meaning the whole material laid in place and ready for travel, or the material part of the road.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 424.*

For other definitions, see Words and Phrases, vol. 7, pp. 6255, 6256.]

Action by William P. Hardenburgh against the Employers' Liability Assurance Corporation, Limited. Verdict for plaintiff. Motion for new trial denied.

Clifford C. Roberts, of New York City, for plaintiff.
Bertrand L. Pettigrew, of New York City, for defendant.

GREEN, J. This action was brought to recover upon a policy of insurance covering an automobile. The automobile sustained damage. The action came on for trial, and a verdict was directed for the plaintiff. A motion was then made to set aside the verdict and for a new trial, which motion is now before the court.

The language of the policy material to the point in issue is as follows:

"This policy * * * is extended to indemnify the assured against loss or damage to * * * the automobiles herein described, * * * if caused solely by collision with another object either moving or stationary (excluding, however, * * * all loss or damage caused by striking any portion of the roadbed or by striking street or steam railway rails or ties, and all loss or damage caused by the upset of the insured automobile, unless such upset is a direct result of such collision as is covered hereby)."

The automobile in question, while running along a road in New Jersey, meeting a horse and wagon coming in an opposite direction at a turn in the road, was compelled to keep to the right and steered into the grass to the right of the road. The point at which the automobile started to steer into the grass was on a level with the roadbed, and ran from thence on an incline for about 150 feet until it formed a ditch about 3½ by 5 feet below the level of the roadbed. The auto-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mobile, in endeavoring to return to the roadbed, and while in a position at right angles to the road, and while it was proceeding up the shoulder of the road formed from the level of the roadbed on an incline down to the bottom of the ditch, was overturned, and the injury to the machine was sustained. The defendant resists liability in this case, claiming that there was no "collision" within the meaning of the policy, and that where the accident happened was a part of the "roadbed," and consequently that the defendant is not liable.

[1] As to the first point raised, that there was no "collision" within the meaning of the policy, I am of the opinion that that may be readily disposed of, because, when the automobile started on the incline to reach the roadbed, there was a sufficient "collision" with the shoulder of the roadbed and the wheel, within the meaning and intent of the policy, to justify a verdict, in case the automobile did not strike the roadbed. If the accident happened by striking any portion of the roadbed, of course by the provisions of the policy the plaintiff cannot recover. The word "roadbed" is defined by Webster's International Dictionary as follows:

"In railroads the bed or foundation on which the superstructure (ties, rails, etc.) rests; in common roads, the whole material laid in place and ready for travel."

The definition given by the Standard Dictionary is:

"The material part of the road."

[2] It is conceded that this accident occurred at a point which was not a point of travel, and was at a point adjacent to and adjoining the point of travel, or at the edge of the shoulder of the roadbed, and I am of the opinion that it would be an extremely strained construction of the language of the policy of insurance to say that the point where this automobile wheel came in contact with the incline was the "roadbed" within the meaning of the policy of insurance in question. The common acceptation of the word "roadbed," and particularly in view of the intent and purpose of this policy of insurance, would be the definition as laid down in both dictionaries, supra:

"In common roads, the whole material laid in place and ready for travel," or "the material part of the road."

This accident, within the definition, in my judgment, was not suffered in the "roadbed," nor in the material part of the road, within the meaning of this policy, and for that reason I am of the opinion that the direction of the verdict in favor of the plaintiff was right and proper.

The motion to set aside the verdict and for a new trial is denied. Ten days' stay and 30 days to make a case after the entry of judgment.

Motion denied.