J. D. ROUSE, Respondent, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals. Opinion Filed March 2, 1920.

1. INSURANCE: Accident Insurance: Automobiles Collision With Embankment: Included in Policy Covering Collision With Any Other Automobile, Vehicle or Object. Under an accident insurance policy covering. damages to an automobile by being "in collision with any other automobile, vehicle or object . . . ` excluding damages caused by striking any portion of the roadbed," the word "object" does not mean some object similar to an automobile or vehicle within the rule of *ejusdem generis*, but should be construed in the ordinary and usual acceptation of the word, and implies that which is visible or tangible in the broad, common and usual acceptation. of the word and includes a collision with the earth at the bottom of an embankment along the side of the road.

Rouse v. Fire & Marine Ins. Co.

2. ———: ———: ———: ———: Exceptions in Policy of Damages Caused by Striking Roadbed Does Not Include an Embankment. Where an accident insurance policy covers damages to an automobile by "being in collision with any other automobile, vehicle or object . . . excluding damages caused by striking any portion of the roadbed," and the automobile was injured by skidding on the road down an embankment along the side of the road colliding with the earth at the bottom of the embankment, *held* that the embankment was not such a part of the roadbed as to fall within the exemption of the policy, the term "roadbed" applying only to that portion of the road which was constructed and used for travel, and that damages were recoverable.

3. ———: ———: ———: Policy Covering Damages to Automobile by Collision Does Not Include All Accidents. In an action to recover under a policy of automobile accident insurance covering damages "in collision with any other automobile, vehicle or object," an instruction permitting a recovery by plaintiff upon a mere showing of loss or damage by accident, *held* erroneous.

4. INSTRUCTIONS: Erroneous Instruction Covering Entire Case Prejudicial: Error Not Cured by Other Instructions Given. Where an instruction purports to cover the entire case and to direct a verdict is erroneous, the error is prejudicial, and can not be cured by other instructions given.

5. ———: Instructions Should Refer Jury to Evidence and Not to Pleadings. In an action to recover under a policy of automobile accident insurance covering damages "in collision with any other automobile, vehicle or object," an instruction that refers the jury to the loss or damage "as alleged in the petition filed in this case" is erroneous; instructions must be predicated upon pertinent facts keeping within the scope of the pleadings, and the instructions should refer the jury to the evidence, and not to the pleadings.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Wilson A. Taylor,* Judge.

REVERSED AND REMANDED.

*Anderson, Gilbert & Hayden* for appellant.

(1) In order to recover upon a policy of the kind here sued on, the burden is upon the plaintiff to establish by the greater weight of the evidence that the damage done to the insured automobile resulted from its being in collision with another "automobile, vehicle, or ob-

ject." Hardenburgh v. Employers' Liability Corporation, 138 N. Y. Supp. 662; Hardenburgh v. Employers' Liability Corporation, 141 N. Y. Supp. 502; Wettengill v. United States Lloyds, 157 Wis. 433; Stuht v. Fidelity & Guaranty Co., 154 Pac. 137; O'Leary v. Insurance Co., 96 S. W. 575. (2) If the damage done to the insured automobile results from its striking any portion of the roadbed, there can be no recovery. Stix v. Travelers Co., 175 Mo. App. 171; Wettengill v. U. S. Lloyds, 157 Wis. 433; Hardenburgh v. Employers' Liability Corporation, 141 N. Y. Supp. 502. (3) Instruction No. 1 was erroneous for the reason that it submitted issues which were broader than those raised by the pleadings and established by the evidence, and for the further reason that it referred the jury to the petition to determine the issues in the case, as well as the character of loss or damage insured against and sustained. Ebelmann v. Transfer Co., 3 Mo. App. 503; Bank v. Dowler, 163 Mo. App. 65, 145 S. W. 943; Small v. Fuel Co., 179 Mo. App. 456, 465, 162 S. W. 712; Realty Co. v. Obear, 195 S. W. 1070; Kain v. Railway Co., 29 Mo. App. 53; Brown v. Railway Co., 104 Mo. App. 691. (4) Instruction No. 1 was further erroneous in that it authorized a verdict for respondent if the jury found that plaintiff sustained loss or damage by accident, whereas his right of recovery under the policy depended upon his sustaining loss or damage by reason of the collision of his automobile with any other automobile, vehicle, or object. See authorities cited under subdivision 3.

*H. F. Chenot* and *W. G. Schofield* for respondent.

BECKER, J.—Plaintiff below brought suit to recover under a policy of automobile accident insurance issued to him by defendant. The policy sued upon, among other things, provides that it should cover damages to plaintiff's automobile by being, "in collision with any other automobile, vehicle or object, . . . excluding damages caused by striking any portion of the roadbed."

The petition alleges that plaintiff's automobile was damaged by reason of its skidding on the road, whereby the automobile was precipitated down an embankment along the side of the road and "came in contact and collided with the earth at the bottom of said embankment;" that the damage to the automobile and its equipment, which was the cost of the repairs on the same, was the sum of $241. The petition concludes with a prayer for judgment in the sum of $216 (which is the total sum of the damages alleged, less an item of $25 not covered by the policy of insurance), and also prays for ten per cent. of the said amount for vexatious delay in the payment of plaintiff's said loss, and for the sum of $200 for attorneys' fees necessitated by reason of the defendant's alleged vexatious delay and refusal to pay.

The answer is a general denial and a further answer that under the policy defendant would not be liable for any damages to plaintiff's automobile which was caused by said automobile striking any part of the roadbed of any road on which it was being driven and that whatever damage, if any, was caused to or suffered by plaintiff's automobile, "was caused by said automobile striking the roadbed of said road," for which reason defendant alleges that it is relieved of all liability to plaintiff for any damage which may have been suffered by said automobile.

The jury returned a verdict for plaintiff for $370.16 which included the full amount of the damages claimed with interest, plus ten per cent. as damages for vexatious delay, and an attorney's fee for plaintiff in the sum of $125. From the judgment rendered thereon the defendant in due course brings this appeal.

Learned counsel for appellant have correctly stated in their argument that the facts as shown by the record in this case are very meager, though uncontradicted. The case depends wholly upon the testimony of plaintiff's son who was driving the machine at the time of the accident, and who was the only witness testifying who knew the facts. His testimony is in effect that he was

driving the automobile westwardly along Manchester road in St. Louis county; that at the point of the accident the road was so constructed that on the left-hand, or south side, there was an embankment and a ditch from four to six feet deep; that just before reaching this part of the road, as one approaches from the east, there is a slight curve in the road, which at this point is narrow and at the time of the accident was muddy and slippery, a rain having fallen very shortly before. While attempting to round said curve in the road the wheels of the automobile skidded off the road and the automobile turned over and rolled into the ditch.

On cross-examination plaintiff's son testified that the machine went off the road on the side toward the embankment and the machine turned over on its left side and rolled down the embankment into the ditch. In answer to the question: "And when your machine first turned over, the left-hand side of the machine hit the embankment and then it turned down over into the ditch?" He answered: "Yes, sir. I can't say how many times it turned over."

At the close of plaintiff's case the defendant asked for an instruction in the nature of a demurrer, which the court refused. The defendant offered no testimony.

Appellant's first assignment of error is the refusal of the court to give the requested instruction asked at the close of the case, that the jury must find for defendant. Under the policy here sued on, the burden is upon the plaintiff to prove by the greater weight of the evidence that the damage done to the injured automobile resulted from its being in collision with "another automobile, vehicle, of object," but if the damage done to the automobile resulted from its striking the roadbed, then, under the terms of the policy, plaintiff cannot recover. Appellant contends that plaintiff's proof wholly failed to establish a collision within the meaning of the policy sued on because the policy, so far as collision is concerned, covers only damages by being in collision, "with any other automobile, vehicle or object," which

provision it is argued can only be construed to intend to cover damages resulting from the automobile striking or colliding with either another automobile or vehicle, or *some object similar to an automobile or vehicle,* while the automobile is moving either ahead or backwards and not by its falling upon some object or some object falling upon it.

We cannot concede to the view that the word, "object" as used in the policy should be construed to mean "some object similar to an automobile or vehicle." We are inclined to the view, and so hold, that the word, "object," should be construed in the ordinary and usual acceptation of the word and that the rule of *ejusdem generis* is not applicable.

The word, "object," in its proper significance implies that which is visible or tangible and as here used should be construed in the broad, common, and usual acceptation of the word. We are more confirmed in our view that the rule of *ejusdem generis* was not intended to apply to this provision of the policy, by the words used in the policy itself, for while the policy covered damage to the automobile by being in collision with any other automobile, vehicle or object, it specifically excludes, "damage caused by striking any portion of the roadbed, or by striking the rails or ties of street, steam, or electric railroads," and if the contention of the appellant that the word "object" was intended to cover only "some object similar to an automobile or vehicle," were correct, then there would be no need for setting out in the policy the specific exception above noted.

Appellant further contends that there can be no recovery in this case in that the evidence shows that whatever damage may have been done to the automobile was caused by its striking the embankment which is part of the roadbed, and the policy specifically excluded, "damage by striking any portion of the roadbed." This construction of the word "roadbed" when used in a policy of this character should not be adopted. We must keep in mind the fact that the term "roadbed" as here used

refers to streets and public highways and has no refer-
ence to railroads. This court in the case of Stix v.
Travelers' Indemnity Co., 175 Mo. App. 171, 157 S. W.
870, with reference to the use of the term "roadbed" in
an automobile accident policy, held that a gutter con-
structed in a street or on a roadway and along side of
the roadbed was not a portion of the roadbed, and in
the course of the opinion said: "Here the policy does
not exclude loss or damage caused by striking any por-
tion of the roadway or street but rather confines the ex-
emption of liability to the more restricted area of the
'roadbed.' In common roads the term 'roadbed' refers
to the whole material laid in place and ready for travel.
[See Webster's Dictionary.] Obviously the roadbed in-
volved here consisted of that portion between the gut-
ters on either side, which was constructed for travel, and
not to the gutters designed for the purpose of draining
water from the adjacent roadbed. The court did not err
in instructing the jury that the granitoid gutter consti-
tuted no part of the roadbed." And so with reference
to the case before us, we hold that the term "roadbed"
applies only to that portion of the road which was con-
structed and used for travel. In this view of the mean-
ing of the word "roadbed" the embankment was not such
a part of the roadbed as to fall within the exemption con-
tended for by appellant.

This record, however, contains prejudicial error in
that the court, at the instance of plaintiff below, gave
the following instruction:

"The court instructs the jury that if you shall find
and believe from the evidence that the defendant did in-
sure plaintiff herein against the loss or damage *by acci-
dent* as alleged in petition filed in this case, and plaintiff
sustained such loss or damage *by accident,* as alleged in
said petition, during the life of said policy of insurance,
then your verdict must be for the plaintiff." (Italics
ours.)

It will be noted that the policy did not insure plain-
tiff against loss or damage by accident, and that some-

thing more was necessary to entitle plaintiff to recover other than his merely sustaining a loss or damage by accident, namely, it was necessary that the damage be sustained by being in collision with another automobile, vehicle or object. The owner of an automobile insured by a policy of this character may suffer damage by accident in a great many ways that cannot constitute damage by collision and which would not entitle him to recovery. The instruction purports to cover the entire case and to direct a verdict and that therefore said error is prejudicial and could not be cured by other instructions given, needs no citation of authorities.

The instruction contains further error in that it refers the jury to the loss or damage "as alleged in the petition filed in this case." This practice is to be condemned. Instructions must be predicated upon pertinent facts (keeping within the scope of the pleadings) and the instructions should refer the jury to the evidence and not to the pleadings.

It follows that the judgment should be and is hereby reversed and the cause remanded.

*Reynolds, P. J.,* and *Allen, J.,* concur.