No. 1831
Second Circuit Appeal

## WILLIAM E. BROWN v. UNION INDEMNITY COMPANY

(April 11, 1925, Opinion and Decree)

(May 11, 1925. On a writ of certiorari to the Supreme Court the judgment of the Court of Appeal was reversed and the judgment of the District Court was reinstated.)

### (Syllabus by the Editor)

1. Louisiana Digest—Insurance—Par. 121.

A clause in an insurance policy which protects the insured, an automobile owner, from accidents "caused solely by accidental collision with another object," protects the insured automobile owner from loss when his car tips over and is damaged when coming in contact with the ground or the top of the road.

2. Louisiana Digest—Insurance—Par. 33.

An insurance policy which contains language reasonably susceptible of different interpretations will be given the construction most favorable to the assured.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P Mills, Judge.

Action by plaintiff to recover damage caused to his automobile that turned over striking the ground, thereby damaging the top, etc., under a policy of insurance guaranteeing to protect the insured from all damage caused to his car solely "by accidental collision with another object."

Defendant filed an exception of no cause of action. This exception was sustained, and plaintiff has appealed.

Reversed and remanded.

Wallace, Lyons & Peters, of Shreveport, attorneys for plaintiff, appellant.

J. C. Henriques, of New Orleans, and Barnette & Roberts, of Shreveport, attorneys for defendant, appellee.

REYNOLDS, J. In this case the question presented for decision is, does the following stipulation in an insurance policy, "caused solely by accidental collision with another object," protect the insured from loss when his car tips over and is damaged by coming in contact with the ground or top of the road?

This question, so far as we know, has not been decided by the Supreme Court of this state.

The question was, however, decided in the negative in July, 1921, in the case of Moblan vs. Western Indemnity Co., 200 Pac. 750, by the Supreme Court of California, and in March, 1921, by the Supreme Court of Wisconsin in the case of J. C. Bell vs. American Insurance Co., 181 Northwestern 733.

Each of these cases was well considered and many authorities cited in their support. They have frequently been referred to as stare decisis of the doctrine that the tipping over and striking the ground by an automobile did not constitute an "accidental collision."

On June 21, 1924, in the case of Great American Mut. Indemnity Co. vs. Jones, the Supreme Court of Ohio (144 Northwestern 596), and on June 25, 1924, the Appellate Court of Indiana in the case of Fireman's Ins. Co. of Newark, N. J., vs. Savery (143 Northeastern 612), the above question was decided in the affirmative.

In the first of the last two above mentioned cases, Great American Mut. Indemnity Co. vs. Jones, the first two mentioned cases, Moblad vs. Western Indemnity Co. and Bell vs. American Insurance Co., were fully reviewed.

In view of the fact that the California Court and the Wisconsin Court have held that the upsetting of an automobile where the top of the car strikes the ground is not an "accidental collision," and that the Ohio Court and the Indiana Court have

held to the contrary, we have reached the conclusion that the term, "accidental collision," is ambiguous.

At the time that the policy of insurance in this case was written, May 5, 1921, numerous cases were then in the law books, from which it was evident that the meaning of the term, "accidental collision," as used in insurance policies was not wel-defined.

In cases similar to this it has been held that the insured is fully protected.

The cases are:

Freiberger vs. Globe Indemnity Co., 205 App. Div. 116, 119 N. Y. Supp. 310.

Young vs. New Jersey Ins. Co. (D. C.) 286 Fed. 492.

Interstate Casualty Co. vs. Stewart, 208 Ala. 377 (94 Sou. 345).

Universal Service Co. vs. American Ins. Co., 213 Mich. 523.

Rouse vs. St. Paul, etc., Co., 203 Mo. App. 603.

Lepman vs. Employers, etc., Corp., 170 Ill. App. 379.

Harris vs. American Casualty Co., 83 N. J. Law 641.

Hardenburg vs. Employers' Casualty Co., 78 Misc. Rep. 105.

In the following cases the reverse was held. Continental Casualty Co. vs. Paul, 94 Southern 614.

Southern Casualty Co. vs. Johnson, 24 Ariz. 221.

Moblad vs. Western Indemnity Co., 53 Cal. App. 683.

Bell vs. American Ins. Co., 173 Wisc. 533.

Fox vs. Interstate Exchange, 195 Northwestern 842.

Lester V. Alexander vs. Home Ins. Co., Syllabus No. 1451, Sup. Court of Hawaii.

Royal Hawaiian Sales Co. vs. Home Ins. Co., Syllabus No. 1449, Sup. Court of Hawaii.

Wettengell vs. U. S. "Lloyds," 157 Wisc. 433.

Gibson vs. Georgia Life Ins. Co., 17 Ga. App. 43.

In view of these conflicting authorities we have reached the opinion that, under the well-settled doctrine, "an insurance policy which contains language reasonably susceptible of different interpretations will be given the construction most favorable to the assured," the plaintiff's petition sets forth a cause of action.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be reversed and that the exception of no cause of action be overruled.

It is further ordered, adjudged and decreed that this case be remanded to the lower court to be proceeded with according to law. Costs of the appeal to be paid by appellee. The other costs to await the final decision in this case.

---

ON APPLICATION FOR REHEARING

CARVER, J. Our original opinion stated that at the time the policy herein dealt with was issued, namely, May 5, 1921, numerous cases were in the law books from which it was evident that the meaning of the term, "accidental collision," as used in insurance policies, was not well defined. The organ of the court then gave two lists of cases involving policies insuring against damage by "accidental collision," one where the insurers were held liable and one where they were held not liable. Some of these cases were decided before and some after May 5, 1921. The opinion concluded by applying the construction most favorable to the insured because under the conflicting authorities we regarded the policy as ambiguous on the question at issue.

In their able brief for rehearing counsel for defendant argue that of all the cases

cited against their view none are in point except two and one of these was reversed by the United States Circuit Court of Appeals. On the other hand, they say that the overwhelming weight of authority sustains their view.

It is true that the case of Young vs. New Jersey Insurance Company, 284 Fed. 492, decided by the United States District Court in 1922, was reversed in 1923 by the United States Circuit Court of Appeals, 290 Fed. 155.

These decisions were both rendered after the policy here in question was issued.

We think they are mistaken, though, in supposing that none of the other cited cases are in point. He seeks to differentiate them by pointing out that the collisions involved in them were not collisions with the top of the road but collisions with objects off the road.

The cases referred to are:

Firemen's Insurance Co. vs. Savery, Supreme Court of Indiana, (143 N. W. 612), decided in 1924, in which the car skidded, left the road and struck the bottom of a ditch.

Freiburger vs. Globe Indemnity Co., 205 App. Div. 116, (119 N. Y. Supp. 310), which, he says, he has not found in Shreveport. We have not found it either. In plaintiff's brief it is stated that the holding was that precipitation of an automobile to the pit of an elevator shaft caused by the breaking of the cable with which it was being lowered, was an "accidental collision with an object" within the meaning of the policy.

Interstate Casualty Co. vs. Stewart, 208 Ala. 377, (94 Sou. 345), decided, November 2, 1922, where the driver lost control of his car, which ran down a hill and off the road and struck an embankment ten feet away from the road.

Universal Service Co. vs. American Insurance Co., 213 Mich. 523, (181 N. W. 1007), (14 A. R. L. 183), decided, March 30, 1920, in which the loaded scoop of a steam. shovel which was engaged in unloading an auto truck fell on it causing damage. Defendant claimed this was not a collision as ordinarly understood and intended by the parties, but the court applied the meaning given by lexicographers, quoting from various dictionaries.

Rouse vs. St. Paul, 203 Mo. App. (219 S. W. 688), decided in 1920, where a car, in rounding a curve, skidded off the road and the car turned over and rolled in a ditch.

Lipman vs. Employers, 170 Ill. App. 379, decided in 1912, which, he says, is not available in Shreveport. We have not found this case either, but in the Universal Service case, 181 N. W. 1007, 14 A. L. R. 183, the court says it is in consonance with the Rouse case and opposed to the Wettengell case hereinafter mentioned.

Hardenburg vs. Employers, 78 Misc. 105, 138 N. Y. Supp. 662, decided in 1912. This case is cited in the notes to 14 A. L. R. 191, as holding that where it was conceded that the accident occurred at a point which was not a point of travel but was at a place adjacent to and adjoining the point of travel or at the edge of the shoulder of the roadbed, it was held that the accident was not suffered in the roadbed, that word being held to mean "in common roads the whole material laid in place and ready for travel," or "the material part of the road." The policy in this case excluded liability for damage caused by striking the "roadbed." This case is stated in a note to 14 A. L. R. 191, to have been reversed on appeal in 1913, 80 Misc. 522, 141 N. Y. Supp. 502, on the ground that the burden rested on plaintiff to prove that the damage was the result of collision with some object and that no evidence was given of the existence of any

object with which the car did or could come into collision.

Harris vs. American Casualty Co., 83 N J. Law, 641, 44 L. R. A., N. S., 70, decided in 1912. The policy in this cas excluded liability for damage resulting from collision due wholly or in part to upset. In this case the car ran off a highway bridge, was precipitated into the water below and landed at the bottom of the stream upside down. The court quoted the dictionary meaning of "collision" and "upset" and held that the water and earth beneath it were objects and that striking them was a collision, although they were horizontal and not vertical. The policy excluded damage resulting from collision due wholly or in part to "upset," but the court held the insurer liable on the ground that the collision was not due to the upset but the upset was due to the collision.

We think it clear that all these cases are in point on the question of what is a collision.

Whatever would be a collision when occurring off the road would equally be a collision when occurring on it. So these cases, so far as they hold that a scoop falling on an automobile, an automobile dropping to the bottom of an elevator pit or striking the bottom of a ditch or the water and bottom of a stream or an embankment, are collisions, are equally in point on that question.

Where liability was made to turn on the question whether the damage was caused by a collision with the road or with some thing off of it, this was not because that consideration affected the question of collision but because it affected the question of liability by reason of the policy containing a clause excluding all liability for damage caused by contact with the road

Likewise, where liability was made to turn on the question whether the collision caused the upset or the upset the collision, this was because the question of liability was affected by reason of a collision clause excluding liability where the upset caused the collision.

We cannot agree with counsel either in his opinion that all the cases he cites where the insurers were held exempt from liability are in point in this case.

Those cases are:

Continental Casualty Co. vs. Paul, 94 Sou. 614, decided in ———.

Southern Casualty Co. vs. Johnson, 24 Ariz. 221, 207 Pac. 987, decided in ———.

Moblad vs. Western Indemnity Co., 53 Cali. App. 683, 200 Pac. 750, decided in July, 1921.

Bell vs. American Insurance Co., 173 Wisc. 583, 181 N. W. 783, 14 A. L. R. 179, decided in March, 1921.

Fox vs. Interstate Exchange, 195 N. W. 842, decided in November, 1923.

Alexander vs. Home Ins. Co., Syllabus No. 1451, Hawaii Supreme Court.

Royal Hawaiian Sales Co. vs. Home Insurance Co., Syllabus No. 1449, Hawaii Supreme Court.

Wettongell vs. U. S. "Lloyds," 157 Wis. 453, 147 N. W. 360, decided in 1914.

Gibson vs. Georgia Life Ins. Co., 17 Geo. App. 43, decided in ———.

Great Eastern Gas Co. vs. Salinsky, Tenn. 1929, 95 Sou.

In the Wettengel case, the policy only covered collision with "automobiles, vehicles or objects." The injured car ran off the road and down the bank of a river. The court applied the doctrine of ejusdem generis, holding that collision to entail liability must be with some object like an automobile or vehicle. It did not hold that there was any collision.

The Bell case overruled this case in holding that the rule of ejusdem generis should apply.

The Gibson case (as we find it noted in 14 A. L. R. 191) based its holding of non-liability on the fact that the collision was with the curbstone along a street, which the court held was "a portion of the road-bed" and "an impediment consequent on the condition thereof," and the policy contained a clause excluding liability for "damage caused by striking any portion of the roadbed or any impediment consequent on the condition thereof."

We have not read Southern Casualty Co. vs. Johnson, but the Circuit Court of Appeals in the Young case says it holds that where the driver in order to avoid a collision with an automobile coming from behind swerved and ran into an embankment alongside the road and upset, there was liability because the upset was the result of the collision with the embankment.

We could not find the case of Great Eastern Casualty Co. vs. Solinsky in 95 Southern, and we know of no one in Shreveport who has the Hawaii Supreme Court records.

The Continental Casualty Co. vs. Paul, 95 Sou. 814, decided in 1923, the Alabama Supreme Court held that proof showing that the owner had left his car standing on an incline on a highway with rocks under the rear wheels and brakes fastened and the car was found in a damaged condition at the foot of an incline or cliff upset where it was running was insufficient to justify submitting to the jury the question of loss by collision. The court thought that if the brakes failed to hold and the car of its own momentum and without the application of exterior force but simply in obedience to gravity rolled down to the bottom of the embankment, this would not be a collision. It does not overrule the Stewart case but differentiates it

But in St. Paul, etc., Co. vs. American Compensation Co., 100 Sou. 904, decided in 1924, the same court, in a well-considered opinion, held that there was liability where a car standing in front of plaintiff's office on the crest of a hill, the rear wheels on level ground and the fore wheels on sloping ground, with the car headed down hill, the car having stood there with brakes on over night and in the morning while a custodian was sweeping it out the car started, ran down the hill some ninety feet and off a precipice some twenty-five or thirty feet, landing head on upon a rock bottom of an excavation. This case was extremely well considered. The minority opinion at the first hearing was finally adopted as the opinion of the majority on rehearing. One of the judges dissents and criticises the Missouri and New Jersey decisions holding that striking the earth or water was collision with an object. This decision points out that the Young case, 290 Federal, was based on the fact that the injury did not result directly from the collision but that the breaking of the axle was the proximate cause, and says this principle enters into other decisions where a car is overturned or wheel smashed from strain.

The Bell, Fox, Moblad and Young case, are more in point. The Bell case, though, was the only one of these decided before the policy here in question was issued. That case holds that where one side of a car gradually settled into the ground and the car toppled over, striking the ground, such casualty was not a collision as the word is commonly used. The court concedes that if the broad meaning given by lexicographers was adopted a holding that such impact with the earth would constitute a collision would be logical. It says:

"The incident causing the damage to the automobile here in question is spoken of in common parlance as an 'upset' or 'tipover.' If it were the purpose to insure against

damage resulting from such an incident, why should not such words or words of similar import have been used? We cannot presume that the parties to the contract intended that an upset should be construed as a collision in the absence of a closer association of the two incidents in popular understanding."

The Wisconsin Supreme Court held in Fox vs. Interstate Exchange, a car while being driven on a recently regraveled highway skidded and was overturned, violently striking the embankment at the side of the roadway. The court held that striking against this embankment was not a collision within the terms of the policy. It does not say why, but says it is of the opinion that the case is ruled by its decision in the Bell case.

In Moblad vs. Western Indemnity Co., 53 Cali. App. 583, 200 Pacific 750, decided in July, 1921, the California Supreme Court held that where the edge of a roadway on which an automobile had been swerved to avoid collision, gave way, causing the automobile to overturn and roll down a mountain side, the damage to the automobile from contact with the ground and objects thereon was not caused solely by collision with another object within the meaning of the automobile policy. The court does not allude to the Harris or any other case except the Bell case, the Stuht case hereinafter mentioned, and the Wettongel case. It says:

"In the instant case the damage to plaintiff's car was caused proximately by its turning over on the edge of the road. Its subsequent revolutions and consequent damage were but the operation of physical laws set in motion when it turned over on the edge of the road. The proximate and only cause of the accident was not a collision but an upsetting of the automobile."

In Young vs. New Jersey Insurance Co., where the United States District Court had held there was liability, the Circuit Court of Appeals holds there was no liability. In this case it was admitted that the front axle broke and let the car down as it was being driven along the highway about thirty miles an hour, crossing a coulee. The broken axle and frame plowed into the earth with great force and violence which caused the car to pivot and overturn. The damage was caused by the resistance and impact with which the end of the broken axle and front end of car met when they came in contact with the earth. The court cites the Bell, Universal Service, Moblad, Southern Casualty Co. vs. Johnson and the Harris cases, and says that the reasoning of the Bell case appeals to it more forcibly than that of the Universal Service case. It says:

"In other words, we think the language of the contract when accorded the ordinary and usual meaning that should govern does not extend to the incident under consideration where the proximate cause was the breaking of the defective axle and damage was not 'by being in accidental collision with an object.'"

Besides the above cases, the following have more or less bearing on the question herein:

Wetherill vs. Williamsburg, etc., Co., 60 Penn. Sup. Ct. 37, decided in 1915, noted in 14 A. L. R. 189, as holding that where the injured car was taken thirty or thirty-five feet inside of a building, stopped and subsequently backed into an open area or elevator shaft, by reason of which it fell to the ground floor, this was a collision within the meaning of the policy.

Plaintiff's counsel cite Holstein vs. Pacific Fire Ins. Co., 203 N. C. 362, as holding, where driving along a narrow country road the driver of a car, in order to avoid striking another car approaching from the opposite direction, swerved to the outer edge of the roadway and his car left

the road, fell down the embankment, struck a rock and turned over. We have not examined this decision but the alleged holding is consistent with the other cases.

Hanvey vs. Geo. Life Ins. Co., 141 Ga. 389, 81 S. R. 206, decided in 1914. The policy in this case excluded liability for damage caused by striking "any portion of roadbed or any impediment consequent upon the condition thereof." The court held that it could not say as a matter of law that the accident fell within the exclusion where the petition alleged that the car left the road, ran into a ditch on the side of it and into the bank and turned over.

Rouse vs. St. Paul F. & M. Ins. Co., 203 Mo. App. 603, 219 S. W. 688. On the left of the road was an embankment and ditch four to six feet deep. Just before reaching this part of the road was a curve in the road which at this point is narrow, and at the time of the accident was muddy and sloppy. While trying to run the curve the wheels skidded off the road and the car turned over and rolled into the ditch. The policy excluded liability for damage "by striking any part of the roadbed" and the insurance covered only damage from "collision with automobiles, vehicles or objects." The court rejected the rule ejusdem generis applied in the Wetten gell case and held the insurer liable.

In Hoosier Mutual Auto Ins. Co. vs Lanan, Indiana App., 137 N. E. 626, decided in 1923, the note in 26 A. L. R. 431 holds:

"Where a policy allowed compensation for damage to an automobile by accidental collision with any object, movable or immovable, but provided that contact with the roadbed on which said automobile is being driven or the sides thereof, shall not be regarded as a collision and is not a risk insured against."

It was held that no recovery could be had under a policy for damage to an automobile sustained when it was turned sharply to avoid another vehicle so that the front wheels ran off the cement roadbed on to the ground and in an attempt to avoid sign post the car skidded off and collided with the earth on the outside with such force as to break a wheel and cause the car to upset.

In Stuht vs. U. S. F. & C. Co., 89 Wash. 93, 154 Pac. 137, decided in 1916, the court held that the evidence showed that the machine upset at the edge of a bank when the driver was attempting to make a quick turn and that the damages were the result of falling over a bank and not by collision. The policy in that case specially excluded liability for damages caused by:

"Striking any part of roadbed," and "damage caused by upset, unless such upset is the direct result of such a collision as is covered by the policy."

The case of Power Motor Car Co. vs. U. S. F. Co., 223 Pac. 112, is stated in plaintiff's brief as holding that where plaintiff was driving his automobile and noted directly in front of him an obstruction in the roadway and turned sharply off the roadway and the wheels of his automobile fell into a ditch, the upper part of both sides of which was even with the ground, completely wrecking his car, it was held that this constituted a collision with an object under the terms of the policy not limiting the collision to one on the highway or restricting the kind of object. We have not verified this citation but it seems in line with other cases of cars falling into ditches.

From this survey of the jurisprudence it appears to be settled that such incidents as a car falling to the bottom of an elevator shaft or into a ditch or stream, the water and bottom of a stream or the

bottom of an excavation, are collisions, and counsel seem to concede that where such incidents occur off of the highway the insurers are liable. We cannot appreciate the reasoning which, while conceding that such incidents are collisions when occurring off the highway, yet concludes that they would not be collisions when occurring on the highway.

However, we hardly think counsel intends to claim exactly this. Their claim is rather that though collisions in the intendment of the policy when occurring off the highway, they are not collisions within that intendment when occurring on it.

The cases holding insurers free of liability on policies excluding liability for damage caused by contact with the road or by collision due to upset where the court found the damage was so caused (Gibson and Lanan cases) are not in point here, we think, where the policy does not contain so broad an exclusion clause, but, on the contrary, a much narrower one, namely:

"* * * (b) loss or damage to tires due to puncture, cut, gash, blowout or other ordinary tire trouble, and excluding in any event loss or damage to tires unless caused in accidental collision which also causes other loss or damage to the insured automobiles; * * *"

As to the cases involving policies with exclusion clauses similar to the one here, the exact grounds upon which non-liability is predicated is not always clear. We do not understand the courts in those cases to hold that such incidents as are dealt with were not collisions at least in the sense of the lexicographers but merely that they were not collisions within the intendment of the policies. Nor do they always indicate why they are not in such intendment.

In the Bell case it was stated that the incident, while a collision according to the dictionary, was in common parlance an upset.

In the Fox case, skidding, overturning and striking an embankment outside of the roadway, the court says, was not collision within the meaning of the policy, without saying why; but says the case is ruled by the Bell case.

In the Moblad case, where the car overturned and rolled down a mountain side, receiving damage, the court held that the proximate cause was the overturning of the car; the subsequent revolutions and consequent damage being merely the operation of physical laws set in motion by such overturning.

In the Paul case, the court held that the damage was due to the failure of the brakes to hold and the car rolling by gravity, which, the court says, would not be a collision within the intendment of the policy.

In the Young case, the Circuit Court of Appeals held that the proximate cause was the breaking of the axle.

The fundamental thought in these cases seems to be that the cause of the collision is to control the question of liability. Where this cause was an upset, the courts, as pointed out in St. Paul, etc., Co., vs. American Compensation Co., 100 Sou. 904, may have been and probably were influenced by the decisions in the cases involving policies with clauses excluding liability for damages caused by collisions due to upset; but, if so, it seems to us that those cases were not applicable.

In the other cases, the courts seem also to consider that not the collision but the cause of it must be looked to.

As said above, this cause was, in the Paul case, the failure of the brakes to hold, and in the Young case, the breaking of

an axle. We think, though, that where the insurance is broadly against:

"Loss by reason of damage to or destruction of any of the automobiles described in Statement 5 of the declaration caused solely by accidental collision wit another object."

Without excepting contacts with the roadway or collisions caused by upset, it is beside the question to inquire whether the collision was on or off the road or whether it was due to upset, failure of brakes to hold or any of the other mentioned things which might cause it. Especially is this so where the insurer is careful to insert an exclusion clause clearly contemplating road contacts and guarding against liability for certain kinds of damage caused thereby.

Under such policies we see no more reason to relieve the insurer from liability for a collision caused by an upset than for one caused by the gear going wrong or the weather being foggy or the driver careless or inexperienced, or any other of the numerous things that might cause a collision. If permissible to transfer the inquiry from the collision itself to the cause of it in upset cases it would be equally so in other cases. A cause for the collision would be found in every case. If, then, the collision could be jumped over as the cause of the damage and the damage ascribed to the cause of the collision with resulting freedom from liability, then it seems to us that liability might be excluded in every case and insurance policies would become valueless.

If, however, this reasoning is unsound and it be permissible to determine the question of liability by considering not the collision but the cause of it, it is at least true that the meaning of policies of the kind in question is not now and was not at the time the policy herein involved was issued so well settled as to make inapplicable the rule of construction whereunder the language should be taken most strongly against the insurer. This was the conclusion arrived at in the well-considered cases on which our original opinion was mainly based, to-wit: Great American, etc., Co. vs. Jones, 144 N. E. 596, by the Ohio Supreme Court, and Firemen's Insurance Co. vs. Savery, 143 N. E. 612, decided by the Indiana Supreme Court. In both of these cases, decided in 1924, the jurisprudence was fully reviewed, including the Bell, Moblad, Paul and the Young case as decided by both courts.

Both the Jones and Savery cases point out that insurance companies are usually represented by able counsel who are presumed to know what risks their clients wish to take and what to exclude. They further point out that at the time the policies in those cases were issued, that one in the Indiana case and perhaps in the other also being later than the one here, the books contained decisions making it evident that the meaning of the policies was not clear but ambiguous and that it was the custom of some companies to make clear their non-liability for road contact or upset by clauses clearly expressing such non-liability. In view of all this, these courts considered that policies not containing those broad exclusion clauses but the narrower one contained in this case were ambiguous, justifying a construction of the policy most strongly against the insurer.

Our re-examination of the jurisprudence confirms us in the view that those cases rather than the ones relied on by defendant's counsel correctly express the law.

Rehearing refused.