Though not called to our attention either on original submission or in the state's motion for rehearing, a further examination of the entire record discloses that the question of jury misconduct, made the basis for reversal of this case, was not raised by allegations in appellant's motion for new trial.
In Paragraph VI of his amended motion for new trial, appellant's allegation as to jury misconduct is as follows:
"The Court should set aside the verdict of the jury for the reason that before the evidence had been concluded in the trial of the case, the jury, while lounging about the jury room, during a recess of Court, discussed the evidence and the facts in the case and found the defendant guilty, before all of the evidence had been introduced and before the arguments of the attorneys had been heard, and before the Court's charge had been read to the jury, contrary to the law of this State."
There was no other allegation in his motion regarding the conduct of the jury. With this allegation as his sole pleading, *Page 464 
appellant offered his proof, consisting of the testimony of the Juror Cooksey.
The testimony of this juror did not support the allegations of the motion, but apparently without objection the juror, as a witness, was permitted to testify as to the discussion of the knife by the jury during their deliberations. Such evidence had no bearing on the issue raised by the motion, and under well-establish rules governing hearings before the court, it should be presumed that the judge, though permitting the introduction of such testimony, disregarded it in arriving at his decision.
The law requires that a motion for new trial upon the ground of misconduct of the jury specifically set out the conduct relied upon in order that the trial court, as well as the state, may have notice of such claim. See Harvey v. State,150 Tex. Crim. 332, 201 S.W.2d 42; and Williams v. State,153 Tex. Crim. 299; 219 S.W. 688.
The question of misconduct of the jury in discussing the knife, as treated in our original opinion, is not before us for consideration, and should not have been the basis for a reversal of the case.
Appellant's complaint as to the exhibition of the knife by the state and its tender as evidence is without merit. It was properly offered for the purpose of identification, and if there was error in the action of the court in excluding it as evidence, the error was against the state and no harm to appellant resulted.
It is observed that the judgment of the court provides that appellant be punished by confinement in the penitentiary for not less than two nor more than three years. The jury assessed appellant's punishment at a definite term of three years. The sentence properly applies the indeterminate sentence law attempted to be applied in the judgment. See Art. 775, C. C. P. The judgment is reformed so as to adjudge appellant's punishment at three years in the penitentiary.
As so reformed, the state's motion for rehearing is granted, the order of reversal is set aside, and the judgment of the trial court is now affirmed.
Opinion approved by the court. *Page 465 
 ON APPELLANT'S MOTION FOR REHEARING.