JOHN W. HUTTON, Appellee, *vs.* THE STATES ACCIDENT INSURANCE COMPANY, Appellant.

*Opinion filed February 17, 1915—Rehearing denied April 7, 1915.*

INSURANCE—*injury received in fight in which insured was the assailant is not within accident policy.* Where the holder of an accident insurance policy voluntarily and deliberately assaults another person and in the fist fight which follows is knocked down and receives a broken leg, his injury is not within the terms of the policy, which insures against "injuries effected exclusively by external, violent and accidental means," as the insured was bound to anticipate some injury even though he could not have foreseen its precise form and although he intended to completely disable the other person with the first blow.

FARMER, J., dissenting.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jasper county; the Hon. A. M. ROSE, Judge, presiding.

FITHIAN & KASSERMAN, (MCKENZIE CLELAND, of counsel,) for appellant.

WILLIAM B. WRIGHT, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The appellee, John W. Hutton, obtained a judgment in the circuit court of Jasper county against the appellant, the States Accident Insurance Company, for $500, which was affirmed by the Appellate Court for the Fourth District. A certificate of importance having been granted, this appeal has been perfected from the judgment of the Appellate Court.

The suit was brought upon a policy of accident insurance issued by appellant which insured the appellee against "injuries effected exclusively by external, violent and accidental means." The record discloses that at the close of appellee's case, and again at the close of all the evidence, a peremptory instruction was offered to find the issues for

the appellant, which was refused in each instance. In the Appellate Court this action of the court was assigned for error, and the errors there assigned have been re-assigned here. While in the argument of appellant this action of the court is not specifically referred to, the effect of the argument made is that there was no evidence tending to support appellee's claim or to disclose a cause of action, and this is the only question of law presented upon this appeal. Counsel for appellee in his brief states: "If this case has any standing in the Supreme Court it is upon the theory that there is no evidence in the record on behalf of plaintiff which, standing alone and undisputed, would support the verdict of the jury; in other words, if it is rightfully here it is because the court refused, at the close of plaintiff's evidence and at the close of all the evidence, to instruct the jury to find the issues for the defendant," and his argument, in effect, is directed to upholding the action of the court in refusing the peremptory instructions. We shall therefore consider the case as though this action of the court was specifically mentioned by appellant as the ground relied upon for reversal.

There was practically no conflict in the testimony of the various witnesses as to the facts. According to the testimony of appellee, in which the facts are presented in as favorable light as by any other witness, there had been some little difficulty between him and one John Huddlestun prior to November 9, 1911. On that evening he and Huddlestun had a conversation in the city of Newton in reference to their difficulty, after which appellee went to his office. Having finished his work there he went to a restaurant in that city to get his supper. As he entered the restaurant from the west he saw Huddlestun sitting on a stool on the south side of the room, at a lunch counter. Without saying a word to Huddlestun appellee walked up behind him and struck him a blow with his fist on the side of the face or head, intending, as he states, to hit him so hard that

"he wouldn't get up and begin it all over." The blow did not have the desired effect. Huddlestun immediately arose from his seat, whereupon the appellee struck at him again. Huddlestun then pushed or knocked appellee down, breaking his leg. It is uncertain from the testimony of appellee whether his leg was broken in the fall or whether it was twisted and broken before he fell, but in any event it was broken, according to the undisputed testimony, while he was engaged in the fight with Huddlestun.

Appellant contends that where an accident policy insures against an injury effected exclusively by accidental means there can be no recovery where such injury is the result of the voluntary act of the insured although such result may be entirely unexpected and undesigned, and insists that the evidence does not even tend to prove that the injury was caused by accidental means, inasmuch as appellee had voluntarily engaged in a fight, of which the injury received was but the natural and probable consequence. The contention of appellee is based upon the proposition that his act in assaulting Huddlestun was attended with an unexpected and unusual result,—that is, the breaking of his leg,—and one which could not have been reasonably anticipated and which he did not intend to produce. We are of the opinion that the position of appellee is not tenable. Where one voluntarily and deliberately engages in a fight or brawl and places another in a position where he, too, must fight to defend himself, it is a natural result, and one known to all sensible men as likely to follow, that one or both of the combatants will receive more or less serious injury. As to whether the assailant or the one assailed would be the more likely to be injured would depend upon the comparative strength and skill of the antagonists as well as upon the fortunes of the combat. It is shown in this case that both appellee and Huddlestun were large, powerful men, possessed of more than average physical strength. While appellee testifies that it was his intention to render Huddlestun

incapable of defending himself by a single blow, he was bound to take notice of the fact that he might not be able to accomplish that design, and that if he then persisted in the attack the chances were largely in favor of Huddlestun exercising the right to defend himself by all necessary means. Appellee persisted in the assault upon Huddlestun after having failed to accomplish his purpose in striking the first blow and continued the same up until the instant that his leg was broken. In the meantime Huddlestun was defending himself solely by the use of his arms and fists. Appellee was a practicing physician and surgeon, thirty-five years of age at the time of the assault, and a man of intelligence and experience. . He was bound to know that one of the natural and probable consequences of voluntarily engaging in an assault under such circumstances was that he might be injured, although he could not, of course, foresee the exact form of the injury he might receive, or, indeed, be able to know certainly that he would be injured at all. Such being true and the assault committed upon Huddlestun being the deliberate and voluntary act of appellee, the injury which he received as a result cannot be said to have been caused by accidental means.

An effect which is the natural and probable consequence of an act or course of action cannot be said to be produced by accidental means. (1 Cyc. 248.) In *Fidelity and Casualty Co. of New York v. Carroll*, 143 Fed. Rep. 271, suit was brought upon a policy which insured against disability or death resulting, directly and independently of all other causes, from bodily injuries sustained through external, violent and accidental means. In that case the insured committed an assault upon one Porter, striking him in the face with his fist. As a result of the blow there was an abrasion of the skin on the hand of the insured which afterwards became infected and resulted in his death. It was there held that an injury received in this way was not by accidental means within the meaning of the policy.

In *Talliferro* v. *Travelers Protective Ass'n,* 80 Fed. Rep. 368, it was held that the death of the insured was not accidental where it appeared that in an altercation with another he was the first to draw his pistol, and, after stating that he "must have revenge" and warning the other "to put himself in shape," struck him in the face with his pistol, whereupon the other drew his own pistol and shot the insured, causing his death. In passing upon the question the court there said that "the deceased voluntarily engaged in an encounter with deadly weapons, the result of which was not an unlikely result but was such as any reasonable person might have foreseen," and that if a man should do an act from which it was possible death might not result but of which death would be the naturally expected result, such death could not be said to be accidental.

In *Lovelace* v. *Travelers Protective Ass'n,* 126 Mo. 104, Lovelace, the insured, attempted to eject a man who was drunken and boisterous from the office of a hotel. In doing this he used no other means than his hands, and while making the attempt the other drew a pistol and shot him, causing his death. The court there held that the death of Lovelace was an accident and not a risk voluntarily assumed, inasmuch as he had made the attempt to eject the other by force from the office of the hotel without knowing that the other person was armed. In this case a different question would be presented if Huddlestun had resisted the attack on appellee by the use of a deadly weapon, but instead of that it is conclusively shown that the assault was met in kind and that he used no more than the necessary means which would have been employed by any reasonable man in his defense.

In *Prudential Casualty Co.* v. *Curry,* 65 So. Rep. 852, it was held that where the insured in an accident policy, while armed with a gun, brought on a difficulty with a third person also armed with a gun, with knowledge of that fact, and the third person shot the insured in self-defense, his

death was not occasioned by accidental means, for an accident may be said to be an unforeseen or unexpected event of which the insured's own misconduct is not the natural and proximate cause, and hence a result ordinarily and naturally flowing from the conduct of the insured cannot be said to be accidental even when he may not have foreseen the consequence, and the happening of an event, to be termed an accident, must not only be unforeseen but without the design and aid of the insured.

The above cases, while not involving the identical facts here presented, lay down the principle which must govern. Applying the rules there announced, we must hold that the evidence on behalf of appellee does not tend to show that the injury sustained by appellee was caused by accidental means, but does show that it was the natural and probable result of his voluntary act in making the assault upon Huddlestun.

The court erred in refusing to give the peremptory instructions. For this error the judgments of the Appellate and circuit courts are reversed and the cause remanded to the circuit court.    *Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.