## L. A. Bromberg, Appellant, v. Fort Dearborn Casualty Underwriters, Appellee.

### Gen. No. 28,673.

INSURANCE—*"collision"* as including involuntary backing of automobile down road embankment against water main. Damages sustained by plaintiff's automobile were sustained in a collision with a stationary object, within the meaning of the insurance policy in suit, where the evidence shows that the driver, while turning the car around on a slippery pavement, backed the rear wheels over the edge of the road upon an embankment, and that the brakes would not hold the car, which backed down the incline, striking a water main, and was thrown into a deep hole, causing the damage.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. JOHN F. HAAS, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1923. Reversed with finding of fact. Opinion filed January 22, 1924.

SOELKE & JOHNSON, for appellant.

HOLLYWOOD & TATE, for appellee; MURPHY O. TATE, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an action on an insurance policy to recover damages to an automobile alleged to have resulted from a collision. The only question involved is whether the accident constituted a collision within the meaning of Item 3 of the policy, which provides as follows:

"Item 3: Against loss or damage to any part of the above automobile by collision of any object, moving or stationary, excluding damage to any tire. * * *"

The facts are not in dispute. It appears that the driver of plaintiff's automobile in turning around on a slippery pavement backed the hind wheels over the edge of the road upon an embankment. Though he

put on the brakes he was unable to stop the car from backing down the incline against a water main, causing it to be thrown into a deep hole and damaged. The amount of damages, $125.75, is not questioned.

The court's findings were for defendant on the theory that the car was carelessly managed, and that the striking of the water main was caused by the force of gravity, and that under such a state of facts there was not a collision within the meaning of the policy and, therefore, the damages were not the result of the collision.

There can be no doubt that the water main was a stationary object, and the provision of the policy above referred to manifestly contemplates indemnity where an automobile collides with or against such an object.

While the definition of the word "collision" includes a "mutual striking or dashing of a moving body with a stationary one," yet the decisions have not been uniform in the application of the term. In *Bell v. American Ins. Co.*, 173 Wis. 533, 181 N. W. 733, cited by appellee, the question was whether the forcible contact of the automobile with the ground, as a result of an upset, constituted a collision. The court regarded a collision which resulted from the force of gravity alone as contrary to a popular understanding of the meaning of the term, and referred to various cases where the term had received construction. We find little assistance from them in applying the term to the instant state of facts. Many of the cases, however, recognized the general rule that insurance contracts should be construed most strongly against the insurer. (*Forest City Ins. Co. v. Hardesty*, 182 Ill. 39; *Terwilliger v. National Masonic Acc. Ass'n*, 197 Ill. 9.) But we find no difficulty in applying the definition above stated to the facts in the case. In *London Assurance v. Companhia de Moagens*, 167 U. S. 149, the term "collision" was held properly to apply where a vessel while stranded at a wharf was run into by

another. In *Lepman v. Employers' Liability Assur. Corp., Ltd.*, 170 Ill. App. 381, the policy provided for damages resulting from collision, and the court held against the contention that in order to constitute a collision both objects must be in motion. In fact, in this case the policy contemplates that one may be stationary, which is in conformity with definitions in our standard dictionaries. The other cases referred to are so variant as to the facts or terms of the policies considered as to be inapplicable to the case at bar. We think the court erred in not holding from the facts that the damage resulted from a collision, and, therefore, the judgment will be reversed with a finding of fact, and a judgment entered here for $125.75, the undisputed amount of the damage.

*Reversed with a finding of fact.*

GRIDLEY, P. J., and FITCH, J., concur.

Finding of fact. We find as an ultimate fact that appellant's automobile was damaged as the result of a collision with a stationary object.