**Walter E. Heller & Company, Inc., for use of Edward T. Kennedy, Appellee, v. International Indemnity Company, Appellant.**

## Gen. No. 29,881.

1. INSURANCE—*finding of injury to automobile by collision sustained by evidence.* In action on indemnity policy for damages to automobile, evidence held to justify finding that automobile was damaged by violent striking or colliding with bank of ditch.

2. INSURANCE—*bank of ditch "object" in automobile accident policy.* Bank of ditch at roadside was "object" within policy insuring against damages to automobile caused "by being in accidental collision during the period insured with any other automobile, vehicle or object."

3. INSURANCE—*negligence of driver no defense in action on indemnity policy.* In action on policy for damages to automobile caused by accidental collision with bank of ditch at roadside, that driver was careless or negligent, or excited and confused, was no defense.

THOMSON, P. J., dissenting.

Appeal by defendant from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1924. Affirmed. Opinion filed October 28, 1925. Rehearing denied November 10, 1925. *Certiorari* denied by Supreme Court (making opinion final).

JAY FRED REEVE, for appellant.

EARL J. WALKER, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The plaintiff, Walter E. Heller & Company, Inc., for the use of Edward T. Kennedy, took out a policy of insurance executed by the defendant, International Indemnity Company, which insured the plaintiff for damages to a Lincoln sedan automobile caused "by being in accidental collision during the period insured with any other automobile, vehicle or object." On February 4, 1922, the automobile was damaged, so that it cost $2,996.32 to have it repaired. Claiming that the damages were caused by accidental collision, the plaintiff brought this suit.

Two trials have been had. In the first, which was by the court with a jury, there was a verdict and judgment for the defendant. In the second, which followed the granting of a motion for a new trial, and which was tried before the court without a jury, and upon the evidence as contained in a stenographic report of the testimony taken at the first trial, there was a judgment for $2,996.32 in favor of the plaintiff. This appeal is therefrom.

The chief question in the case pertains to the meaning of the words, collision with an object, as applied to the facts in the case.

The testimony of Kennedy is, in substance, as follows: He was a practicing physician, and on the morning in question, after making a professional call, he started to drive back, having one Officer Kuhn as a passenger, southeast on Lincoln avenue. The day was clear. The accident occurred on that avenue, several blocks south of Touhy avenue, which crosses Lincoln avenue at right angles. The *locus in quo* was open country. Lincoln avenue was either concrete or asphalt, and at the place in question the

Walter E. Heller & Co. v. Inter. Indemnity Co., 238 Ill. App. 361.

paved part was from 18 to 20 feet wide, and on each side of it there was a shoulder about 4 feet wide, which sloped slightly down to a ditch 4 or 5 feet deep. As he drove south, he saw an automobile, also going south, about a quarter of a mile ahead of him, and when he had driven within two or three hundred feet of it, behind, he sounded his horn. The road was straight and the automobile ahead was in the middle of the road. When he sounded the horn, the automobile ahead of him turned to the right, and he, Kennedy, undertook to drive past, but just as he got up with the other automobile, on its left-hand side, it swerved over east into his path, and he had to drive out east to avoid a collision. In doing so, he drove over on the shoulder of the road about 2 feet. At the time, he was going about 28 to 30 miles an hour. He drove along the shoulder about 50 or 60 feet and then endeavored to get back on the road, and, as he pulled over, the front wheels of his automobile struck some bricks that were lying on the road, which caused his automobile to swerve to the right. He was then going about 30 miles an hour. He did all he could to right it, but he was unable to straighten it out, and after striking the brick, and going about 50 or 60 feet, the automobile went into the ditch on the west side of the road and the front part struck the embankment on the west side of the ditch and the automobile immediately turned over. The ditch at that point was from 4 to 6 feet deep. As the result of the accident, the plaintiff was thrown under the car and seriously injured. On cross-examination he testified that at the time he tried to right his automobile he may have put his foot on the accelerator; also, that there were at least 5 or 6 bricks on the road. There was offered in evidence a written statement which he had made shortly after the accident. In that he stated that "as there were a number of loose bricks on the pavement, I may have struck one of them." The passenger, Officer Kuhn, who was

riding in the front seat with Kennedy, substantially corroborates the latter, save that Kuhn testified that when the automobile in front swerved to the left the right front fender of Kennedy's automobile struck the left front fender of the other automobile; that he saw it and heard it; that it threw the doctor off the road. As to the bricks, he testified that there were 5 or 6 of them scattered on the roadway, and that they were about 3 or 4 inches thick and about 10 inches long. He further testified that the front wheels of the automobile were "wiggling" after the automobile collided with the bricks; that there were three collisions, one with the other car and two with the bricks; after it struck the bricks, it turned to the right-hand side and went into the ditch and struck the wall of the ditch.

According to the testimony of an employee of the defendant, who measured the ditch, it was 5 feet deep; and the near side had a slope of about 40 degrees, and the other side, much less.

One Suckon, who visited the place immediately after the accident, testified that he saw no bricks in the roadway. One Schnur, testified that he was driving a bus on the road in question when a yellow cab passed him going about 25 or 30 miles an hour, and then the plaintiff in his automobile passed him going about 35 miles an hour; that when they were about 500 feet ahead of him he saw the plaintiff's automobile swing to the left side, then to the right, and then turn over; that he did not see them collide; that the plaintiff's automobile skidded towards the ditch on its side. On cross-examination he testified that when the plaintiff's automobile went back on to the concrete, and its course was straightened out, it turned over and the rear end skidded around into the ditch. He further testified that it seemed to be tipping over as soon as it passed the yellow cab.

According to the lexicographers the word "collision" comes from the Latin word "collisio," and

means to clash together. "The act of striking violently together, the state of being dashed together or struck violently." Encyclopædic Dictionary.

In our judgment, the evidence justifies the conclusion, as a matter of fact, that the automobile was damaged by violently striking or colliding with the west side of the ditch which was, according to Parrish, who measured it, 12 feet off the roadway. The evidence of Kennedy and Kuhn both support that conclusion. It is true that Schnur, who, however, was a long distance away at the time of the accident, suggests that the automobile began skidding and tipping over before it went into the ditch, but that by no means overcomes the evidence of Kennedy and Kuhn. Also, it makes no difference whether the two automobiles touched each other or whether the bricks interfered with the control of the automobile; inasmuch as it was damaged, as a preponderance of the evidence shows, by colliding with the side or bottom of the ditch, that was such a collision as was covered by the words of the policy. The sides and bottom of the ditch were objects, as much so as an automobile or any other physical thing. *T. C. Power Motor Car Co. v. United States Fire Ins. Co.,* 69 Mont. 563, 223 Pac. 112.

The case of *Garford Motor Truck Co. v. Miller's Nat. Ins. Co.,* 230 Ill. App. 622, involved a very different set of facts. There it was a question whether there was a collision within the meaning of the word as used in the policy, where a front wheel of a truck struck the forward side of a ten-inch hole in the roadway; and this court held that the meaning of the word, as used, was too limited to cover such an impact. But it does not follow that the limitation of the connotation of the word in that case means that even where the collision takes place off the roadway, as here, the words of the policy are inapplicable. The *Garford* case means that continuity of contact of the wheels of a motor vehicle with the

roadway cannot in and of itself, constitute a collision, within the meaning of the usual words of accident policies.

The instant case is somewhat similar to *Bromberg v. Fort Dearborn Casualty Underwriters,* 231 Ill. App. 323. In that case, where the driver in turning around on a slippery pavement, backed the rear wheels over the edge of the road, so that the automobile finally struck a water main off the roadway and was thrown into a deep hole, the court held that it was damaged as the result of a collision with a stationary object. In the instant case, as we have said, the damage was caused by the plaintiff's automobile striking the side or bottom of the ditch, which was, of course, not part of the roadbed.

It must be observed that the words of the policy place no limitation on the cause of the accidental collision. The defendant promises to pay for the damages no matter what occurred, by way of cause, prior to the actual impact. That the driver was careless or negligent or excited and confused, as the plaintiff may have been, is no defense. *Fidelity & Casualty Co. of New York v. Morrison,* 129 Ill. App. 360; the *Bromberg* case, *supra.*

At the close of the evidence, on motion of the defendant, the trial judge found that the damages,
"were not proximately caused by its being in accidental collision at the time and place in question with another vehicle or with any brick or bricks on the roadway, or with the embankment on the far side of the ditch on the west side of Lincoln roadway, or with any object other than the highway itself. The damages were proximately caused by its being accidentally tipped over on or near the highway without having collided with any vehicle or object but the highway itself."

It will be seen upon analysis that that finding means that the damage was not caused by accidental collision with the other automobile, or with bricks on

the roadway, or with the ditch embankment or with any other object than the highway. As may be inferred from what we have already said, with that we do not agree. As the evidence before the trial judge, however, was all given by deposition, we are in just as good a position as he was in determining the facts.

Although, therefore, we do not agree with the reasoning of the trial judge, we agree with the final judgment.

The judgment will be affirmed.

*Affirmed.*

O'CONNOR, J., concurs.

MR. PRESIDING JUSTICE THOMSON dissenting: I am unable to concur in the foregoing decision of this case. All the evidence was submitted first to a jury and later, after a new trial had been awarded, to a judge without a jury, that judge not having been the trial judge in the first trial. When the issues were submitted to the jury, the verdict was in favor of the defendant and the jury returned four special findings of fact, to the effect that the damages to the car in question had not been caused by its coming into accidental collision with any other vehicle, with any brick or bricks on the roadway or with the embankment on the far side of the ditch on the right side of the roadway, but that they had been caused by the car "being accidentally tipped over on or near the road without having collided with any vehicle or object." When the issues were later submitted to the court without a jury, the evidence on this occasion being read to the court from the transcript of the evidence taken in the first trial, the court took the same view of the facts which the jury had taken at the former hearing, as indicated by the finding of fact shown in the record. The trial court in this second hearing was apparently of the opinion, as a matter of law, that although the facts were as so found, nevertheless, the accident came within the pro-

368    APPELLATE COURTS OF ILLINOIS.

Walter E. Heller & Co. v. Inter. Indemnity Co., 238 Ill. App. 361.

visions of the policy, which the insurance company had issued, in which the company insured the plaintiff against damages to the car in question, caused "by being in accidental collision * * * with any other automobile, vehicle or object." In my opinion, this court is not in a position to say that the finding made by the trial court, on the facts, is against the manifest weight of the evidence. I am further of the opinion that on such a state of facts, the trial court erred in holding the defendant was liable under the terms of its policy.

If the finding of fact that the trial court made was justified by the evidence, and, in my opinion, it was, the defendant was not liable. *Garford Motor Truck Co. v. Miller's Nat. Ins. Co.,* 230 Ill. App. 622. The facts involved in the case cited presented a situation which is analogous to the one presented in the case at bar. Where the driver of a car, in passing around another car, gets off the hard roadway, and either strikes a rut in the softer ground outside of the roadway or his wheels sink into the softer ground and he thus loses control of his car, and, before he regains it, he overturns and skids into the ditch along the roadside, I am of the opinion that a policy which has insured him against damage to his car caused "by being in accidental collision * * * with any other automobile, vehicle or object," has no application, for it may not reasonably be said that his car has been in such a collision.