Esther R. Costello, Appellee, v. Federal Life Insurance Company, Appellant.

Gen. No. 34,227.

Heard in the second division of this court for the first district at the April term, 1930. Opinion filed December 16, 1930. Rehearing denied December 30, 1930.

LOUCKS, ECKERT & PETERSON, for appellant.

RATHJE, WESEMANN, HINCKLEY & BARNARD, for appellee; JOHN C. TUCKER, of counsel.

Mr. Presiding Justice Scanlan delivered the opinion of the court.

This is an appeal from a judgment of the superior court of Cook county for $1,170 entered on a verdict for that amount in an action of trespass on the case upon promises brought by plaintiff, Esther R. Costello, against defendant, Federal Life Insurance Company, a corporation, on an accident insurance policy issued by defendant, in which William F. Powell was the insured and plaintiff was the beneficiary.

The policy provided that defendant would pay plaintiff $1,000 if within twelve months from the date of the issuance of the same (April 2, 1925) said Powell should suffer death resulting within sixty days from the date of accident "directly and independently of all other causes from bodily injuries sustained through external, violent and accidental means . . . by being struck or run over while in or upon a public highway by any public or private vehicle." The declaration alleged (*inter alia*) that on April 30, 1926, Powell "came to his death as a result within sixty days from the date of accident, and directly and independently of all other causes, from bodily injuries sustained through external, violent and accidental means, by being struck" by a public street car operated on North Clark street, a public highway in the City of Chicago, at or near the intersection thereof with Berwyn avenue. Defendant filed a plea of the general issue and also an affidavit of merits in which it was stated that Powell was not struck by a street car, that on the occasion in question he attempted to board a street car that was then in motion and that he did not get a hold or footing that enabled him to board or remain thereon, by reason whereof he fell and sustained injuries that resulted in his death.

Before the trial defendant moved for leave to file a special plea and an amended affidavit of merits setting

up the defense of *res adjudicata*. This motion was heard and denied by the trial court. In its brief this point is argued, but upon the oral argument it was waived. It is plain that there is no merit in this point.

Defendant contends that the policy provides that loss of life must be sustained ''by being struck . . . while in or upon a public highway by any public or private vehicle,'' and that it was necessary for plaintiff to show that the assured lost his life by being struck by a street car and that plaintiff failed to make such proof. This theory of law may be conceded, and it appears that the trial court followed it in the instructions to the jury. But the policy does not provide that any particular part of the vehicle must strike the assured or how it must strike him, or what part of him must be struck, and yet defendant argues that because the front end of the car had passed and the assured was attempting to board it at the rear end it would not be possible for the car to strike the assured within the meaning of the policy. This contention of defendant cannot be sustained, especially in view of the rule of law that policies of insurance should be liberally construed in favor of the assured so as not to defeat without a plain necessity his claim for indemnity which, in taking the insurance, it was his object to secure. The jury by its verdict found that the assured was struck by the car, and we are unable to say that under all the facts and circumstances bearing upon the question this finding was not warranted by the evidence. That the assured attempted to board the car and that he sustained a skull fracture which caused his death is not disputed. The jury might reasonably have found from facts and circumstances in the case that as the assured attempted to board the car, his head or some part of his body was struck by some part of the car, and that he then fell to the pavement. If the skull fracture was caused by the impact with the

pavement, that fact would not release defendant from liability. In connection with the instant contention it must be remembered that plaintiff had the right to prove that the assured was struck by the car, by direct and circumstantial evidence.

Defendant contends that "there was no injury by accidental means." In support of this contention defendant first argues that the assured voluntarily and intentionally attempted to board a street car while it was moving fifteen miles an hour and that under the circumstances the result of the attempt could have been reasonably anticipated by the assured. That the assured was careless or negligent is no defense. (*Fidelity & Casualty Co. of New York v. Morrison,* 129 Ill. App. 360, and cases cited therein; *Heller v. International Indemnity Co.,* 238 Ill. App. 361, 366.) Defendant next argues, in support of the instant contention, that the injury and consequent death happened by means the assured voluntarily and intentionally employed and that "he sustained the fatal injury solely because in using the means he employed he did not succeed in boarding the car," and that therefore "it cannot be said that death resulted from accidental means if what, it is submitted, is the proper test, is applied, namely: was the injury caused through means which were unintended—accidental?" In support of this rather strained and involved argument defendant cites *Hutton v. States Accident Ins. Co.,* 267 Ill. 267, and *Cory v. Woodmen Accident Co.,* 333 Ill. 175. In the first case cited it appears that the assured approached a man who was sitting in a restaurant and deliberately started a fight with him by striking him on the head and that the assured in so striking the man hoped to hit him so hard that "he wouldn't get up." The man assaulted, in defending himself, struck or pushed the assured, with the result that the latter's leg was broken. The Supreme Court held that the assured,

under the circumstances of that case, was not injured through accidental means. In the second case the court held that death from shooting is not accidental within the meaning of an insurance policy, where the insured was shot while he was the aggressor in a fight and made advances toward his adversary after the latter had warned him that he would be shot if he did not keep away, as under such circumstances it could not be said that the shooting was unforeseen, and the result flowing therefrom could not be held to be due to an accidental cause. We are unable to see how these two cases have any possible bearing upon the instant one. The law bearing on the question as to what constitutes an accident within the terms of a policy insuring against death caused by ''external, violent and accidental means'' is fully considered and determined in the late case of *Christ v. Pacific Mutual Ins. Co.*, 312 Ill. 525. In our opinion that case disposes of the instant contention, and adversely to defendant. (See also *Fidelity & Casualty Co. of New York v. Morrison, supra.*) Under the facts of the instant case it seems quite clear to us that the assured came to his death by accidental means within the terms of the policy in question.

Defendant contends that the court erred in refusing to allow the motorman to testify that the car was going at the rate of fifteen miles an hour at the time that the assured attempted to board it. It is a sufficient answer to this contention to say that the evidence for plaintiff was that at the time in question the car was going fifteen miles an hour. Moreover, the offer was plainly an attempt to show that the assured was guilty of negligence at the time he attempted to board the car. Defendant next contends that the court erred in striking from the record the testimony of the motorman that he smelled liquor on the assured's breath right after the accident. The purpose of the evidence was to show

that the assured was guilty of negligence, and the trial court did not err in striking it.

Defendant complains that the court erred in giving the following instruction to the jury on behalf of plaintiff:

"The court instructs the jury that if they find from a preponderance of the evidence in this case that the deceased, William F. Powell, while on a public highway was struck by the street car in this case, and by reason thereof was thrown to the street and died of the injuries received thereby, then it is immaterial whether said injuries were caused by the impact with the street car or with the street, and you must find the issues for the plaintiff."

The contention of defendant is that there is no limitation in this instruction that the striking must be accidental. On behalf of defendant the court gave to the jury the following instructions:

"1. Before the plaintiff can recover in this case she must prove by a preponderance of the evidence, which means the greater weight of the evidence, that William F. Powell came to his death accidentally; that his death resulted directly and independently of all other causes from bodily injuries sustained through external, violent and accidental means; and that the loss of his life was sustained as a result of being struck by a vehicle while he was in or upon a public highway.

"2. You are instructed that the plaintiff is required to prove by a preponderance of the evidence, which means the greater weight of the evidence, that the death of William F. Powell resulted directly and independently of all other causes from bodily injuries sustained by being accidentally struck by a vehicle while he was in or upon a public highway; and unless you find by a preponderance of the evidence that William F. Powell's death resulted directly and independently of all other causes from bodily injuries sustained by

being accidentally struck by a vehicle, then your verdict must be for the defendant.

"3. You are instructed that the term 'struck' or 'striking,' as used in these instructions, means a contact by Powell with a vehicle, which contact was unintentional or involuntary on his part."

The court also instructed the jury that the instructions should be regarded as a connected series and should be so regarded and treated by the jury and that they should apply them to the facts as a whole and not detach or separate any one instruction from any or either of the others. The instruction that defendant complains of is correct as far as it goes and it does not lay down a rule directly in conflict with that stated in the three instructions given for defendant. The instructions for defendant supplement plaintiff's instruction, and taken together they are all in harmony and the jury could not possibly have been misled. Moreover, there are no facts in the case upon which defendant can base a claim that the death of the assured was not caused by accidental means.

Defendant claims that the court erred in giving the following instruction at the instance of plaintiff:

"The Court instructs the jury that although as a matter of law the burden of proof is upon the plaintiff, and she is required to prove her case by a preponderance of the evidence, still, if the jury find that the evidence bearing upon plaintiff's case preponderates in her favor, although but slightly, it will be sufficient for the jury to find the issues in her favor, and to return a verdict against the defendant."

It may be conceded that this instruction has been criticized in a number of cases. (See *Molloy v. Chicago Rapid Transit Co.*, 335 Ill. 164, 172.) In that case it was held that the trial court erred in giving a like instruction, but it was not held that the giving of the instruction in and of itself constituted reversible error.

The court stated several times that the case was close upon the facts, and reversed the judgment because of several errors committed by the trial court. The instant case is not close upon the facts.

Defendant tendered the following instruction:

"9. If you find from the evidence that William F. Powell intentionally and voluntarily attempted to board a car, and that as a result of his effort he fell, and in falling sustained fatal injuries, but not in consequence of being struck by such car, then your verdict must be for the defendant."

The court of its own motion modified this instruction and gave it to the jury in the following form:

"If you find from the evidence that William F. Powell intentionally and voluntarily attempted to board a car, and that as a result of his effort he fell and in falling sustained fatal injuries, and if you further find from the evidence that said Powell was not struck by the car, then your verdict must be for the defendant."

Defendant contends that the court erred in refusing to give the instruction as offered and in giving to the jury the instruction as modified. We find no merit in this contention.

Defendant contends that the court erred in not giving certain instructions offered by defendant "which were to the effect that if Powell intentionally and voluntarily attempted to board the car, and the probable consequence of his act was that he would thereby fall and be injured, there could be no recovery. It would deprive the words 'accidental means' of their natural meaning if a person could intentionally perform an act by which he took his life into his own hands, and from which unintended consequences followed, and then claim that such act was accidental simply because he did not know that such consequences would follow." We have heretofore in this opinion disposed of a like contention of defendant, and adversely to it.

Defendant has had a fair and impartial trial, and the judgment of the superior court of Cook county should be and it is affirmed.

*Affirmed.*

GRIDLEY and BARNES, JJ., concur.