Christena Yates, Plaintiff-Appellee, v. Bankers Life and Casualty Company, Defendant-Appellant.

Gen. No. 9,835.

Opinion filed June 10, 1952. Rehearing denied August 5, 1952. Released for publication August 5, 1952.

GILLESPIE, BURKE & GILLESPIE, of Springfield, for appellant; FREDERICK H. STONE, of Springfield, of counsel.

PREE & PREE, of Springfield, for appellee.

MR. JUSTICE WHEAT delivered the opinion of the court.

In this case the plaintiff-appellee, Christena Yates, brought suit against defendant-appellant Bankers Life and Casualty Company, a corporation, upon an insurance policy issued by the defendant upon the life of Oliver H. Yates, a son of the plaintiff, who died November 27, 1948. The jury returned a verdict in favor of plaintiff in the sum of $2,000 upon which judgment was entered by the court. Motion for judgment notwithstanding the verdict was denied and this appeal follows.

The complaint charges that on September 27, 1946, the defendant issued its policy of insurance to Oliver H. Yates; that on November 25, 1948, in the City of Springfield, Illinois, said Yates accidentally fell upon a concrete walk by reason of which his skull was fractured, causing his death on November 27, 1948; that such policy was then in full force and effect by which defendant became liable to pay to the plaintiff, the beneficiary named in such policy, the sum of $2,000. The sole issue relates to a determination of the question as to whether or not such death resulted solely

462

from bodily injuries effected directly and independently of all other causes through accidental means as provided by the terms of the policy. It was stipulated that Yates died as a result of severe violence to the skull resulting in a skull fracture and severe injury to the brain.

The witness Lloyd Richardson testified that on November 25, 1948, he was living with his wife and two minor children at 806 South 23rd Street, Springfield, Illinois; that the porch of this house was approximately six inches lower than the level of the living room and that there is one wooden step from the porch to the concrete pavement of the sidewalk; that on such date at about 7 to 7:30 p.m. he was home with his wife and children. It was dark outside and he did not have a porch light. There was a street light 150 feet to the north which shown on to the porch; that as the family were listening to the radio in the living room witness heard a noise on the front porch after which Yates opened the front door and went into the living room about four feet inside the door. Yates had his hands extended and open without any weapon. He made no threats. Witness asked Yates what he wanted and received no answer. Witness asked him again and Yates came toward him. Witness told him to get out of the house after which witness pushed him by the shoulders out of the door and then closed it. Witness had no intention of hurting Yates in any way but merely wanted to get him out of the house. Yates was a stranger to the witness. When Yates was pushed out of the door he fell backwards. About a second later witness reopened the door and saw Yates lying on his back with his head on the concrete sidewalk and his feet on the porch step. Richardson tried to revive Yates with water but failed. In the meantime his wife had called the police who arrived in about ten minutes and Yates was taken by ambulance to a hospital.

463

The witness Daisy H. Rieser testified that she was a sister of Oliver H. Yates and daughter of the plaintiff; that Yates was paralyzed from his head to his toes on his left side; that it was difficult for him to walk as his left leg was shorter than the right and he walked with a limp. He had some difficulty with his speech and one of his eyes did not open and shut very well. His left leg was about two or three inches shorter than the right. He was in this condition all of his life from the age of eight. When he walked he sometimes dragged his leg. He was very slow in speech and sometimes had difficulty in getting his words out. He was hard of hearing in his left ear. All of his adult life he was gainfully employed and self-supporting. His family consisted of two daughters and a son and his wife had been dead for about twenty years. He was always a law abiding citizen. Just prior to his death he worked at Cargill Mills and had worked there approximately three years shoveling coal. He drank sometimes but witness did not know whether or not he had been drinking on November 25th. Two police officers, A. A. Tucker and Sam W. Moore, testified as to taking Yates by ambulance to the hospital. The latter testified in addition that he knew Yates; that he had difficulty in his speech and in walking and that when he walked he had to throw his body to move his one leg forward. This was all of the testimony.

 The law is well settled that an accident has not occurred within the meaning of the policy when the event causing the insured's injuries arises out of his own culpable acts or misconduct, even though the insured may not have foreseen the particular consequences of his misconduct. (*Cory v. Woodman Accident Company,* 333 Ill. 175, and cases therein cited. See also *Espinoza v. Equitable Life Assur. Soc.,* 345 Ill. App. 240.) In the instant case plaintiff has failed to prove that the insured's death resulted solely from

bodily injury effected directly and independently of other causes through accidental means which were incurred when he fell upon the concrete sidewalk. On the contrary, the proof shows without contradiction that the insured entered the house of a total stranger in the nighttime without permission; that he failed to respond to two inquiries as to what he wanted and that when ordered from the house he advanced toward the home owner with his hands extended, who thereupon pushed the insured backwards through the door causing his fall and injury resulting in his death. Where an insured dies of injuries inflicted as a result of his own misconduct the injuries are not caused by accidental means and the death is not accidental. (*Hutton v. States Accident Ins. Co.,* 267 Ill. 267; *Cory v. Woodman Accident Company,* 333 Ill. 175.) An accident is an unforeseen or unexpected event of which the insured's own conduct is not the natural and probable cause. An injury ordinarily and naturally flowing from the misconduct of the insured cannot be said to be accidental even though he may not have foreseen the consequences. As heretofore stated, the evidence clearly shows that the insured died as a result of his own misconduct in entering the Richardson home and either refusing to leave or as a result of his actions within the room.

Plaintiff argues that there was a probability that the insured had gotten into the wrong home by mistake, but there is not a single fact or circumstance in support of this argument. The factual record is clear as hereinbefore stated. The court has not discussed numerous cases cited by plaintiff as these are either not in point or have been discussed in the cases cited in this opinion.

■ In this case defendant did not move for a new trial and the appeal is solely from the judgment of the court in denying the motion for judgment notwith-

standing the verdict. It needs no citation of authorities to support the elementary statement that the rule in such a case is that the Appellate Court is not permitted to weigh the evidence to determine where the preponderance lies but rather the sole inquiry is whether the evidence in favor of the plaintiff, when considered to be true, together with all natural inferences to be drawn therefrom, tends to prove the plaintiff's case. Applying such rule to this case, it is the opinion of the court that the motion for judgment notwithstanding the verdict should have been granted and that it was error for the trial court not to do so. Accordingly the judgment of the circuit court is reversed.

*Reversed.*