# Wetherill *v.* The Williamsburgh City Fire Insurance Company, Appellant.

*Insurance—Automobile insurance—Fall of car through open elevator shaft—Collision.*

Where an automobile is driven from a street to a point thirty feet inside of a building, then halted and afterwards backed into an open elevator shaft and thus precipitated on to the ground floor below, the owner may recover damages for the injuries sustained to the automobile, under a policy of insurance, which by its terms is "extended to cover damages to the automobile and equipment herein insured caused

by collision with any other vehicle, or with any animal or object or any obstacle placed as a barrier; or in entering or leaving any building adjacent to any roadway; but nothing in this clause shall be held as making this company liable for damages caused by striking any portion of the gutter, roadbed, or ditch, or by striking street or a steam railroad rails or ties."

Argued Oct. 22, 1914.   Appeal, No. 184, Oct. T., 1914, by defendant, from judgment of Municipal Court March T., 1914, No. 460, for plaintiff on case tried by the court without a jury in suit of John Price Wetherill, Jr., et al., trading as Gibbons-Wetherill Service Co., v. The Williamsburgh City Fire Ins. Company.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit on a policy of automobile insurance.   Before BONNIWELL, J.

From the record it appeared that the defendant issued an automobile policy in the amount of $600 to the plaintiffs covering a Ford automobile.

The circumstances of the accident are stated in the opinion of the Superior Court.

The court entered judgment for plaintiff for $174.25. Defendant appealed.

*Error assigned* was the judgment of the court.

*F. R. Shattuck,* for appellant, cited: Dougherty v. Ins. Co. of North America, 19 Pa. Dist. Rep. 547.

*S. J. Henderson,* for appellee, cited: Bingell v. Royal Ins. Co., 240 Pa. 412; Harris v. American Casualty Co., 83 N. J. 641.

OPINION BY KEPHART, J., February 24, 1915:

The plaintiffs owned an automobile and the chauffeur was taking it into a garage for the purpose of having some repairs made.   He took the car inside the building

a distance of thirty to thirty-five feet from the entrance, when he stopped to speak to the foreman. The car was closed and it was somewhat dark. Intending to go to the second story, he backed the car into the open area of an elevator shaft and the car fell to the ground floor below. The right of the plaintiffs to recover damages to the automobile from this fall depends upon the construction of the rider, which was attached to the original policy of insurance. It reads as follows:

"COLLISION 'DAMAGE SUSTAINED' CLAUSE

"In consideration of $20.00, Additional Premium, this policy is hereby extended to cover damages to the automobile and equipment herein insured caused by collision with any other vehicle or with any animal or object, or any obstacle placed as a barrier; or in entering or leaving any building adjacent to any roadway.

"But nothing in this clause shall be held as making this company liable for damages caused by striking any portion of the gutter, roadbed or ditch, or by striking street or steam railroad rails or ties, or by upset unless the upset be caused by such a collision as is insured against hereunder; or for loss or damage by detention or loss of use."

The defense is made that the damage was not covered by the terms of the policy or its reasonable intendment, as the accident was not the result of a collision, and that it occurred inside of a building. In considering this rider, effect must be given to the words in their ordinary and accepted meaning, when used independently, also their intended meaning when used in connection with a writing, even if such intended meaning may do violence to the literal definition of the word as used independently. In the policy we have the word "object," which has been defined as "anything, whether concrete or imaginary, that may be perceived and apprehended by the mind, that of which the understanding has knowledge." Vehicle, animal, obstacle and the earth are physical objects. Collision has been defined as a violent

contact, a striking together. In the second paragraph of this rider it speaks of the company not being liable for damage caused by striking any portion of the gutter, etc. The policy nowhere refers to the company being liable for "striking" anything, unless "collision" and "striking" were used synonymously. This is the sense in which they were intended to be used. "Striking" is the defendant's own definition of the word "collision." There is no ambiguity in the contract, nor is there a "forced, strained, unusual or unnatural" construction of the word "collision," as aided by the policy, in holding that it covered all damages caused by striking an object. It surely cannot be urged that when a body is hurled through the air and it hits the earth that "striking" is not the accepted word to designate this contact. In Harris v. American Casualty Co., 83 N. J. L. 641 (1912); 85 Atl. 194, the court held that the words "collision with an object" included damages sustained by an automobile which was driven through the guard-rail of a bridge and precipitated into the stream below. The court say: "Suppose a person driving an automobile along a road comes to a place where a highway bridge over a chasm had fallen away and the machine be precipitated to the ground below, can it be said that there could be no recovery under such a policy as is here sued upon because the damage to the machine was caused by collision with the flat earth, instead of some upright or perpendicular object on the earth. We think not. To hold that there could be no recovery under such circumstances would be to misconstrue the terms of a contract concerning which there is no room for construction, because the meaning is perfectly plain." In construing a clause similar to the one before us, it was held in Hardenburgh v. Employers' Liability Assur. Corp., 138 N. Y. Supp. 662; 78 Misc. 105 (1912) that, where an automobile was run off the roadway on to the grass strip along the road and thence on an incline for 150 feet to a ditch,

in endeavoring to return to the road, struck the shoulder of the roadbed, there was a collision.   Also, in Lepman v. Employers' Liability Assur. Corp., Ltd., of London, 170 Ill. App. 379 (1912), the insured automobile struck a brick wall while traveling rapidly.   The court held that the automobile was in collision with the brick.

As to the second phase of this case, what meaning can be attributed to the phrase "on entering or leaving any building"?   Is it an attempt to limit the general meaning as here used of the words "collision with an object," and confine it to collision with an object upon entering or leaving a building?   The "rider" reads: "Collision with any . . . . object . . . . or in entering or leaving any building. . . ."   The first phrase, standing alone, would mean an object anywhere, unlimited as to place; and this was understood by the insurer when it says: "nothing in this clause shall be held as making this company liable for damages caused by striking (collision with) any portion of the gutter, roadbed or ditch, etc."   Is it not a fair inference, based upon their own interpretation and coming after the words "entering or leaving any building," that it was intended to include all accidents the result of collision, except those especially excepted; and is it not another fair inference, when gutters, roadbeds, and ditches were excepted, that it contemplated a liability for damages caused by striking any other part of the earth?   To hold that the phrase under discussion would mean collision upon entering or leaving a building and not while inside a building, as asked by the appellant, would nullify the intendment of this policy.   The disjunctive "or" prohibits such thought.   Under this policy the insurer is liable for striking an object without regard to the place where it might occur and it is liable for any damage to the automobile on entering or leaving the building from accidents not caused by collision.   This, we feel, is a fair interpretation of this rider and the policy. Should it be considered that the language is not so

clear, we must apply the rule of law that the words used in a policy of insurance should be interpreted most strongly in favor of the insured where there is doubt as to their construction. We therefore hold that the damage from the accident comes within the terms of the policy and the plaintiffs were entitled to recover.

The assignments of error are overruled and the judgment is affirmed at the cost of the appellant.