## Hatton, Appellant, *v.* Indemnity Insurance Company of North America.

*Automobile insurance — Collision with another object — Terms of Policy—Construction.*

In an action of assumpsit on an automobile insurance policy there was evidence that the car skidded on a slippery highway and overturned, striking the surface of the road with such force as to be practically demolished. The policy insured the automobile against damage caused by "accidental collision with another object either moving or stationary."

*Held:* That the contact with the paved highway constituted such collision and that the accident was included in the terms of the policy.

Wetherill *v.* Williamsburg Insurance Co., 60 Pa. Superior Ct. 37, followed.

Argued March 6, 1928. Appeal No. 16, February T., 1928, by plaintiff from judgment of C. P., Lackawanna County, November T., 1926, No. 1103, in the case of Thomas H. Hatton v. Indemnity Insurance Company of North America. Before HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit on automobile insurance policy. Before MAXEY, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for defendant. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*James K. Peck,* and with him *Ralph W. Rymer,* for appellant.—The injury was caused "by the accidental collision with another object" within the meaning of the terms of the policy: National Fire Insurance Company v. Elliott, 7 Federal (2d), 522; Aetna Casualty & Surety Company v. Cartmel, 87 Fla. 495; Great American Mutual Indemnity Company v. Jones, 110 Ohio State 84; Wetherill v. Williamsburg Insurance Co., 60 Pa. Superior Ct. 37; Collins v. Ocean Accident & Guarantee Corp., 22 Lackawanna Jurist 304.

*Stanley F. Coar,* and with him *Kelly and Kennedy,* and *David J. Reedy,* for appellee, cited: Harris v. American Casualty Co., 85 Atl. 194; Universal Service Co. v. American Insurance Co., 181 N. W. 1007; Fireman's Insurance Co. v. Savery, 143 N. E. 614; Moblad v. Western Indemnity Co., 200 Pac. 750.

OPINION BY GAWTHROP, J., April 16, 1928:

Plaintiff owned an automobile which suddenly skidded on the highly crowned and slippery roadway on which it was being operated and accidently turned over and struck the surface of the road with such force that it was practically demolished. He sued defendant on a policy of insurance issued by it to him, which indemnified him against certain damages to the car. Defendant filed an affidavit raising questions of law and obtained a judgment, the propriety of which is before us on this appeal. Plaintiff's right to recover depends upon the construction of the following provision of a rider which was attached to the policy:

"AUTOMOBILE COLLISION ENDORSEMENT
($50.00 Deductible)

IN CONSIDERATION of an additional premium of Fifty-nine & 52/100 Dollars ($59.52), the Company hereby agrees with the Assured that if any automobile described herein, including its operating equipment while

attached thereto, is injured or destroyed during the term hereof solely by accidental collision with another object, either moving or stationary, excluding injury or destruction by fire from any cause whatsoever, the Company will IDEMNIFY THE ASSURED against actual loss or damage by reason of such injury or destruction, not exceeding the actual cost of suitable repair or replacement or actual value at the time of the accident.''

The question is whether the damage to the car was the result of its ''collision with another object,'' and therefore covered by the terms of the policy. While the decisions of the courts in other jurisdictions upon the precise question here involved are hopelessly in conflict, as will appear upon an examination of the opinion of the Supreme Court of Louisiana, in Brown v. Union Indemnity Co., 105 So. 918, in which most of the cases are cited and reviewed, we regard it as having been decided in this State by this Court in Wetherill v. Williamsburg Ins. Co., 60 Pa. Superior Ct. 37, in which the opinion was written by Judge KEPHART, now Mr. Justice KEPHART, of the Supreme Court. The policy in that case covered damages to the automobile caused by ''collision with any other vehicle or with any animal or object.'' There the car was accidentally backed into the open area of an elevator shaft and fell to the ground floor below. It was held that as the earth is a physical object and a collision is a violent contact, a striking together, the policy covered the damages caused by striking the object; and that the insurer was liable without regard to the place where the collision might occur. That decision is controlling here, and we deem it unnecessary to discuss the cases decided in other jurisdictions. The appellee strenuously contends that the damages resulted from the skidding and upsetting of the car; that these were the proximate causes

of the damage; and that the contact of the automobile with the roadway caused by the upsetting of the car was not a collision in the popular understanding of the word. While there is some force in this contention, it is not convincing. This argument would apply with equal force to the Wetherill case in which the proximate cause of the damage was the backing of the car into the open area of the elevator shaft. In our view it is immaterial what caused the collision, so long as it was accidental, or whether the collision was with the surface of the highway on which the car was being operated, or with any other part of the earth or with some other object. If the terms of the policy which are being considered did not clearly include a collision of the car with the roadbed, resulting from an upset, the company could have limited its liability by a provision in the policy that it should not be liable for damages caused by striking the roadbed, as was done in the policy involved in the Wetherill case. After full consideration we are constrained to hold that the impact of the car with the surface of the road, due to an upset, is a collision with another object within the meaning of the language of the rider and the policy. If the language were not so clear we would apply the rule of law that words used in an insurance policy should be interpreted most strongly in favor of the insured where there is doubt as to their construction so as not to defeat, without clear necessity, the claim to indemnity which it was the object of the policy holder to secure. This conclusion renders it unnecessary to consider the other question stated.

The assignment of error is sustained, and the judgment is reversed with a procedendo.