Schweikart *v.* American Slicing Machine Company, Appellant.

Argued May 1, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER and JAMES, JJ.

*Jacob A. Markel,* for appellant.

*Frank J. Scott,* and with him *Crawford Scott,* for appellee.

PER CURIAM, July 13, 1934:

This is an action of trespass. The case was tried on September 12, 1933 in the absence of the defendant, and resulted in a verdict for the plaintiff. On

September 28, 1933, judgment was entered on the verdict. On October 9, 1933, defendant presented a petition asking the lower court to open the judgment and grant a new trial. This the court refused to do, and this appeal followed. The whole matter resolves itself to the question whether the court abused its discretion in so doing. The petition discloses that the defense to the suit was entrusted to a lawyer "who was neglectful and remiss in his duties as counsel for the defendant, and he did fail to enter his appearance for and on behalf of the defendant, and did fail to take any steps required of him, or necessary to defend the said suit." The consequences following the unfortunate selection of a careless attorney should not, unless good reasons appear, be shifted to the plaintiff, and he be put to the expense and labor of another trial with the delay necessarily incident to it. If the attorney whose neglect caused this situation now presented, had appeared as a petitioner on behalf of his client and showed some reasonable cause why he had failed to prepare for the trial, and why he was absent when it took place, the court might have granted relief, nor do we say, even as the matter is now presented, the court could not have granted defendant's petition, but it was a matter within the sound discretion of the lower court, and we see no reason why we should interfere. Good lawyers are not scarce, and where litigants select unreliable counsel, who do not attend to the matters entrusted to them, there is no rigid rule, which requires the court to relieve them from the result of their bad judgment in selecting a poor agent.

The judgment is affirmed.