## Albert M. Greenfield & Company *v.* Ruberg et al. (Perlberg, Appellant).

Argued October 4, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Herman Moskowitz*, with him *Nathan Agran*, for appellant.

*Jerome L. Markovitz*, with him *Gilbert J. Kraus*, for appellee.

OPINION BY HIRT, J., January 27, 1944:

Sarah Mayer was the registered owner of 200 shares of stock in Philadelphia Workmen's Saving Loan and Building Association. The association later became insolvent and on November 30, 1938 a certificate of voluntary liquidation, filed with the Department of Banking of the Commonwealth, was approved. The defendants are its liquidating trustees. On February 3, 1940, the trustees delivered to Sarah Mayer their check for $1,090 payable to her order representing a 5% liquidation distribution. The check was paid and bears her endorsement and under it the endorsement of plaintiff. A second distribution dividend in like amount was declared by the trustees on June 4, 1940. Plaintiff notified defendants that Sarah Mayer, in whose name the

shares were still registered, was at all times but the nominee for plaintiff and, asserting that it was the real owner, demanded payment of $1,090, the amount of the second liquidation payment applicable to the shares in question. On defendants' refusal, this suit was brought on September 15, 1941.

When the case was first listed for trial on October 19, 1942, a continuance was ordered at defendants' request until November 23, 1942, and again, on defendants' motion, until November 30, 1942. On that date an application of defendants for further continuance was refused. Thereupon defendants' counsel left the court room and plaintiff proceeded with the trial ex parte, in the absence of defendants and their counsel. At the close of plaintiff's case a verdict was directed for plaintiff in the full amount of its claim. A new trial was refused and judgment was entered on the verdict. This appeal was taken by but one of the liquidating trustees. Appellant contends that the action was improperly brought, and that in any view a new trial must be awarded. The assignments as to a new trial question the refusal of the court on November 30, 1942 to further continue the trial; and the direction of a verdict in plaintiff's favor.

Defendants' contention that this action was improperly brought may be dismissed with but passing comment. The suit should have been brought against the building and loan association as defendant and not against its liquidating trustees. A dissolution process at its inception does not terminate corporate existence and liquidating trustees are but agents of the corporation. *Minersville Progressive B. & L. Assn. Case,* 344 Pa. 620, 26 A. 2d 301. The action however may now be amended to substitute the association as the proper party defendant. *McGinnis v. Valvoline Oil Works,* 251 Pa. 407, 96 A. 1038; *Minkin v. Minkin,* 336 Pa. 49, 7 A. 2d 461. Moreover, in view of our conclusion that

a new trial must be granted on other grounds, it is not necessary for us to discuss the reasons advanced by defendants for a further continuance of the trial. It is enough to observe that the application was without merit and the court was not chargeable with an abuse of discretion in insisting that the case be tried as finally listed. *Heller v. Cap. B. & T. Co. Trustee, et al.,* 330 Pa. 174, 198 A. 298; *Schweikart v. Amer. Slicing M. Co.,* 113 Pa. Superior Ct. 485, 173 A. 427.

The record does not sustain the judgment. At the close of the case plaintiff's right to recover rested entirely upon oral testimony. Even though no evidence was offered by defendants and plaintiff's testimony stood uncontradicted the court erred in directing a verdict based upon it. It is reversible error for the court to direct a verdict in favor of a plaintiff where his case rests wholly upon oral testimony. The credibility of the witnesses remains for the jury. *Nanty-Glo Boro. v. Amer. Surety Co.,* 309 Pa. 236, 163 A. 523; *Iacovino v. Caterino et al.,* 332 Pa. 556, 2 A. 2d 828; *District of Columbia's Appeal,* 343 Pa. 65, 21 A. 2d 883; *Freeman et al. v. Miners Sav. Bk.,* 144 Pa. Superior Ct. 540, 19 A. 2d 514. Plaintiff did not avoid the operation of the rule by the production of what purported to be a written assignment to it of the shares in question (*Com. of Pa. for use of v. Long et al.,* 110 Pa. Superior Ct. 1, 167 A. 433) for the reason that the validity of the assignment was not established by competent evidence. The paper on its face purports to have been signed: "Edna K. Paine Edna K. Greenfield (Seal) Edna K. Paine (Formerly Edna K. Greenfield) Executrix of the estate of Sarah Mayer, deceased." There is no evidence of the death of Sarah Mayer or that anyone had qualified as her executrix or representative of her estate. Moreover, the following is all of the testimony of the only witness called to prove the signatures to the assignment. "Q. I show you this assignment and ask you to identify

the signatures. A. Edna K. Paine, Edna K. Greenfield." The examination of the witness stopped there. The answer identified the names appearing as signatures to the document but the testimony of this witness who merely pronounced the names as he read them from the paper is no evidence that the signatures are genuine. The testimony is wholly insufficient to support plaintiff's claim by documentary proof; title in plaintiff by written assignment was not established.

Judgment reversed with a venire facias de novo.