## Kramer, Appellant, *v.* Ohio Farmers Insurance Company.

Argued March 6, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*Charles H. Welles, III,* with him *Welles, Mumford & McGrath,* for appellant.

*Carlon M. O'Malley,* for appellee.

OPINION BY DITHRICH, J., April 26, 1945:

This is an appeal from a judgment entered in favor of defendant upon its affidavit of defense raising questions of law, in an action of assumpsit on a policy of automobile insurance. Plaintiff's statement of claim set

forth the following facts. The insured's automobile was being driven on a high-crowned private road, with loose stones in the ruts and stones imbedded in the crown. "While the car was being so operated, the oil pet-cock, located on the bottom of the engine, came in contact with a stone or the road bed with the result that the oil drained out, the engine became burned and scored and damaged beyond repair." Plaintiff brought suit against defendant company on the theory that the damage was covered by the "Comprehensive Coverage" paragraph of the policy:

"To pay for any loss or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."

Defendant claims the plaintiff's averments describe a "collision with another object" and therefore the loss is specifically excepted from the Comprehensive Coverage.

The question thus presented is whether there was a collision with another object. On two previous occasions, this court has considered the meaning of the words "collision with another object." The first case, *Wetherill v. Williamsburg Insurance Co.,* 60 Pa. Superior Ct. 37, held that there was such a collision when the automobile was backed into an open elevator shaft and fell to the ground floor below. In the second case, *Hatton v. Indemnity Insurance Co. of North America,* 93 Pa. Superior Ct. 310, the car skidded and turned over and struck the surface of the road. It likewise was held to be a collision.

Appellant contends that from the facts in the above cases, a collision must be violent and abruptly end or

change the vehicle's course in order to bring it within the exclusion clause of the policy. The same point was raised and very ably disposed of by the present Chief Justice of the Supreme Court in a well-considered opinion when he was a Judge of the Court of Common Pleas of Lackawanna County. In *Collins v. Ocean Accident and Guarantee Corp.*, 22 Lackawanna Jurist 304, where an automobile struck "the paving material projecting up between the rails of the street car tracks" the court said: "Because the striking of a hole in the highway or something projecting a little above the highway by a moving car does not ordinarily cause the violent shock that is caused by the striking of another car or some other large object, some hold that such a striking is not a collision, but in our opinion the difference is one only of degree. When an object, be it only 'paving material,' is struck by an automobile and offers a resistance sufficient to cause the damage pleaded in plaintiff's statement, we have no hesitation in holding that the striking of such an object is a collision within the meaning of the contract of insurance executed between the parties in this action." Appellant admits there was a contact with a stone or the road bed. The contact was made with sufficient physical force to displace the pet-cock. If the car was moving at an average rate of speed, the physical force exerted by the contact was sudden and improper. It was a striking together of the pet-cock and the object, and the impact resulted in damage. Certainly it was a collision within the accepted meaning of the word. The difference between the collision in this case and the collision in the cited cases is simply a difference in degree and not in kind. This collision was not as violent, but nevertheless it was a collision. We are not convinced that there was no collision merely because there was no abrupt change or end of the vehicle's course. So long as there is a contact with an object with enough physical force to cause damage there is a collision, within the meaning of the word as used in the insurance policies.

The judgment is affirmed.