Argued October 10, 1947.
The opinion in a former appeal of this case (reported in154 Pa. Super. 121, 35 A.2d 784) in which we granted a new trial, will supply the factual background of this litigation. The suit was brought to recover the second liquidating dividend of $1,090 declared in June 1940 on 200 shares of defendant building and loan association *Page 352 
stock. Sarah Mayer was the original registered owner of the shares. After the death of Sarah Mayer the 200 shares standing in her name were assigned to plaintiff by her executrix who was also the sole legatee under her will. The jury found for the plaintiff in the sum of $1,506.56 (of which $416.56 was an allowance of interest) and judgment was entered on the verdict. It is contended on this appeal that there is a fatal variance between the allegata and the probata and that the court erred in refusing to enter judgment for the defendant n.o.v.
This suit was brought on September 15, 1941. The representative of the estate of Sarah Mayer did not enter into the written assignment of the shares to the plaintiff until December 31, 1941. Defendant's principal contention is that plaintiff's title must rest on the assignment and that the judgment is not sustained by the record since the assignment came after the suit was brought and therefore was not pleaded in the statement of claim. In urging this technical objection, defendant misapprehends the nature of plaintiff's title to the shares in question, which under both the pleadings and the proofs entitles it to receive all dividends declared thereon in the course of liquidation of the assets of defendant association.
In substance, it is averred in the statement of claim that plaintiff bought 200 shares of stock in the defendant building and loan association in June 1929 in the name of Sarah Mayer as its nominee and that the plaintiff company has been the actual owner of the shares since that date. The proofs establish the truth of the averment. Plaintiff since June 1929 has paid dues to the defendant association in the total sum of $21,800 on the very shares in question. The first liquidating dividend check drawn to the order of Sarah Mayer on February 3, 1940 was endorsed over to plaintiff company in recognition of its title to the shares. Since 1929 plaintiff's conduct has been that of owner. In April 1931 *Page 353 
plaintiff company gave written notice of cancellation of the shares to the defendant and was duly notified that the association had honored the request. Payment of the proceeds of the shares however was not made following cancellation because of the insolvency of the association.
Plaintiff's title does not depend on the assignment of the shares by the executrix of the estate of Sarah Mayer. The assignment itself does not purport to transfer title in the shares to the plaintiff. It recites that the block of 200 shares in defendant association registered in the name of Sarah Mayer "belongs to and is the property of Albert M. Greenfield and Company". We find ourselves in entire accord with appellee's construction of the proofs in this case in relation to the pleadings. The plaintiff as the real party in interest owning the shares, properly could have brought the suit to compel payment of the dividend to it, at any time after the dividend was declared and ordered paid to shareholders. The fact that suit was brought before the date of the assignment is immaterial. The assignment on its face is not a transfer of title but is merely a written recognition of plaintiff's prior and existing title to shares standing in the name of Sarah Mayer as plaintiff's nominee. The cause of action arose by reason of plaintiff's actual ownership of the shares in the name of a strawman as its nominee and not by virtue of the written assignment. The proofs are in accord with the pleadings and establish that plaintiff was the owner of the shares prior to the suit and at the time when the dividend in question was declared.
There is no substantial variance between plaintiff's pleadings and the proofs. But even if there were such variance defendant is in no position to complain. To take advantage of a variance one must object: "(1) when the testimony not covered by the pleadings is offered; (2) by a motion for a nonsuit, assigning the divergence as the reason; or (3) by a point for binding instructions in which the reason is assigned": Penna. R.R. Co. v.Pittsburgh, 335 Pa. 449, 457, 6 A.2d 907. *Page 354 
There was aimless objection to testimony, a motion for a nonsuit and a point for binding instruction in the present case. But since a variance was not assigned as the specific reason for the objection or the motion for nonsuit or the point for binding instructions, defendant on the above quoted authority, "having taken his chance of a favorable verdict, may not thereafter raise the question".
The verdict includes interest on the amount of the dividend from the date when plaintiff was refused payment. In general when a liquidated sum is unjustly withheld by a debtor, interest is properly allowed. Graboyes v. Kapner, 120 Pa. Super. 4,181 A. 385; Nagle Eng. Boiler Wks. v. Erie, 350 Pa. 158,38 A.2d 225. In the present appeal, for the first time, it is contended that plaintiff is not entitled to interest. Defendant did not assign the allowance of interest as error in taking the present appeal and the question was not raised in the lower court. On both of these counts the question has been raised too late. WestPenn Rwys. Co. v. Pa. P.U.C., 142 Pa. Super. 140,15 A.2d 539; Penna. R.R. Co. v. Pittsburgh, supra; Orga et vir v.Pittsburgh Rys. Co., 155 Pa. Super. 82, 38 A.2d 391.
Judgment affirmed.