## Geist, Appellant, *v.* Niagara Fire Insurance Company.

Argued March 20, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Milton J. Kolansky,* with him *John P. Mahon,* for appellant.

*C. H. Welles, 3d,* for appellee.

OPINION BY HIRT, J., July 14, 1953:

Plaintiff, while operating his automobile on a narrow street in the City of Carbondale, ran over a projecting pipe which housed a shutoff valve of a utility. On hearing a sharp knock he immediately stopped his car and made an inspection to ascertain what his car had struck. He looked under his automobile and noted a shiny ridge on the top of the pipe indicating that it had come in contact with some part of his car. He did not observe anything wrong with his automobile and, assuming that it was his exhaust pipe that had struck the projection in the road, he proceeded on his way. After driving about five miles his motor began to pound and he smelled burning oil. He then pulled to the side of the road and, on investigation with the help of an automobile mechanic whom he had summoned, he ascertained that the projecting pipe had struck the plug in the bottom of the oil pan bending it backward and causing the pan to crack. The operation of the motor after the damage to the car from the above source

caused the oil to leak out of the crack in the oil pan and, for want of lubrication, the engine finally burned out beyond repair.

Plaintiff was insured in a policy with defendant against "loss of or damage to the automobile caused by collision of the automobile with another object . . ." In this action against the defendant insurer, plaintiff sought to recover $395.96, the cost of installing a new engine, admittedly made necessary when the motor in the car was rendered useless by operation without lubrication. There was a collision within the terms of the policy, under the holding of *Kramer v. Ohio Farmers Ins. Co.*, 157 Pa. Superior Ct. 130, 42 A. 2d 194, because of the contact of the automobile with the projecting pipe in the roadway "with enough physical force to cause damage". At the close of the proofs in the court below, the trial judge directed a verdict for the plaintiff in the above amount, less $50 deductible under the terms of the policy.

Among the duties imposed by the insurance contract the policy provided that when a loss occurs, the insured shall "(a) protect the automobile, whether or not the loss is covered by this policy, and any further loss due to the insured's failure to protect shall not be recoverable under this policy; reasonable expense incurred in affording such protection shall be deemed incurred at the company's request; . ." And in disposing of a rule for judgment in favor of the defendant, reserved at the trial of the case, the court found that plaintiff was chargeable with knowledge of *the* collision because "he got out of the car and looked for damage". The plaintiff admitted *a* collision but when he drove off in his car he did not have notice from his inspection of the car that the projecting pipe had struck and damaged his oil pan. The lower court nevertheless held that with notice of the collision "It thereupon

became his duty to protect the automobile against further damage, and this he failed to do"; and that "The fact that he failed to see or appreciate the immediate damage [could not] serve to extend the contract to cover subsequent damage caused by improvident operation of the car. There is no language in the policy to cover any such contingency . . ." The judgment will be reversed.

An insured in a policy issued to him for a consideration, is entitled to have the contract construed, as to its terms, most strictly against the insurer. *Harbridge et ux. v. Mut. Fire Ins. Co.*, 151 Pa. Superior Ct. 278, 30 A. 2d 360. Of course a doubt cannot be created in an insurance contract for the purpose of resolving it in favor of the insured. *McCowley v. N. A. Accident Ins. Co.*, 150 Pa. Superior Ct. 540, 29 A. 2d 215. But we cannot agree that the present plaintiff's failure, after the collision, to protect his automobile against further damage, raises a bar to recovery by him as a matter of law under the circumstances. The question here is one of proximate cause, i.e., whether there is a direct connection between the collision and the ultimate damage for which the plaintiff sought recovery. Cf. 23 A.L.R. 2d 404. The controlling issue is whether plaintiff was negligent in failing to ascertain the actual damage to his car by a thorough inspection which would have disclosed the crack in the oil pan. A plaintiff may be charged with negligence as a matter of law only where reasonable men could not differ in their conclusions from the facts. *Christ v. Hill Metal & Roofing Co.*, 314 Pa. 375, 380, 171 A. 607. Whether plaintiff was chargeable with negligence in the above respect was a question for the jury (Cf. *Adams v. Gardiner*, 306 Pa. 576, 585, 160 A. 589) especially since the question could be decided only upon oral testimony. *Albert M. Greenfield & Co. v. Ruberg et al.*, 154 Pa.

Superior Ct. 121, 35 A. 2d 784; *Freeman et al. v. Miners Sav. Bank.,* 144 Pa. Superior Ct. 540, 19 A. 2d 514.

The jury in this case well might have found that plaintiff did all that reasonably could have been expected of him. He looked under his car and saw no evidence of damage. Only by crawling directly under the oil pan could he have observed that it had been cracked by the impact. There however was then no dripping of oil to suggest the necessity for such inspection. Moreover, plaintiff observed the oil gauge on the instrument board after he drove from the scene of the collision and the gauge was then functioning. An oil gauge registers normally so long as there is sufficient oil in the sump of the oil pan for circulation by the oil pump. And the pump may function and the oil gauge register even when there is not enough oil for adequate motor lubrication. A subsequent examination failed to disclose oil at any place on the road nearer than 175 feet from the point of the collision.

The contract of insurance does not except recovery for damages resulting proximately from a collision when the insured has made a reasonable inspection but fails to ascertain the extent of the damage. There was no obligation on this plaintiff under the circumstances to summon a mechanic to check his car before proceeding to drive it from the scene of the collision. Whether the driving of the car by plaintiff after the collision therefore was an intervening negligent act releasing the defendant from liability, raised a question as to the proximate cause of the damage and this question was for the jury under the circumstances. *Murray v. Pgh. Athletic Co.,* 324 Pa. 486, 493, 188 A. 190. The question of proximate cause can be decided by the court only if the facts are not in dispute. *Irvin Sav. & Tr. Co. v. Penna. R. R. Co.,* 349 Pa. 278, 283, 37 A. 2d 432; *Leoni et al. v. Reinhard,* 327 Pa. 391, 396, 194 A. 490.

Judgment reversed with a venire facias de novo.